UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

        Plaintiff,

vs.

RELIABLE TRANSPORTATION
SPECIALISTS, INC., AMARILD
USHE and BURT HOLT,

        Defendants.
_____/

Case No. 15-12954

HON. GEORGE CARAM STEEH

ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO
MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR PROTECTIVE
ORDER [DOC. 29] AND DENYING MOTION TO STAY AS MOOT [DOC. 30]

    This case stems from an underlying lawsuit (the "Holt Lawsuit") filed by Burt Holt against Reliable Transportation, Amarild Ushe and a co-defendant who is not a party to this action, related to injuries sustained by Holt when he was struck by a tractor trailer operated by Ushe. On July 28, 2015, an Order of Judgment was entered in the Holt Lawsuit against Reliable Transportation, Ushe and the co-defendant. The amount of the judgment entered against Reliable Transportation and Ushe jointly is $8,735,142.35.

    The present litigation arises out of plaintiff Wausau Underwriters Insurance Company's ("Wausau") declaratory judgment complaint seeking a declaration from this court that it is responsible for no more than the policy limit of $1,000,000.00 of insurance under the commercial policy issued to Reliable. Reliable Transportation and Ushe filed a counterclaim alleging that Wausau acted in bad faith against its insured by refusing to negotiate a settlement within the policy limits in the Holt Litigation.

-1-

Wausau filed a motion for a protective order seeking to exclude Holt from receiving information produced by Wausau in discovery regarding settlement efforts in the Holt Litigation. Holt submitted discovery requests to Wausau requesting their complete claim file and all documents which reference their settlement decisions and strategy in this matter. Wausau contends that information in Wausau's possession regarding settlement negotiations and related analysis or defense of the claims in the underlying Holt action are confidential, sensitive and/or protected or privileged and should not be produced to Holt. The underlying appeal remains pending and could. Wausau argues that disclosing protected and sensitive information to Reliable and Ushe's adversary in the Holt Litigation while Wausau continues to defend Reliable and Ushe in that case would cause annoyance and oppression.

The magistrate judge denied Wausau's motion for a protective order. The basis of the denial was that Wausau failed to make "a good cause showing that a protective order is necessary to protect it 'from annoyance, embarrassment, oppression, or undue burden or expense . . . .' Rule 26(c)." (Doc. 28, p. 2). The magistrate judge pointed out that by initiating the lawsuit "Wausau placed into issue whether it acted in bad faith so as to be responsible for the entire Holt lawsuit judgment." *Id.* The magistrate judge continued that "[a]lthough Fed. R. Evid. 408 usually precludes the admissibility of evidence regarding settlement negotiations, Wausau has waived the protections of Rule 408 by placing its good faith into issue." *Id.* at p. 3. The matter is presently before the court on Wausau's objections to the magistrate judge's order denying Wausau's motion for protective order.

Federal Rule of Civil Procedure 72(a) provides that "[t]he district judge in the

case must consider timely objections and modify or set aside any part of the [Magistrate's] order that is clearly erroneous or is contrary to law." At a status conference with the court, Holt agreed to a temporary stay of the magistrate's ruling whereby discovery could go forward and he would not receive any documents related to settlement or strategy pending this court's ruling on Wausau's objections.

Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, the scope of discovery is not unlimited, and a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Wausau's position is that if Holt is given discovery that discloses protected and confidential defense-related evaluations and analysis of the Holt Litigation, it would prejudice Reliable and Ushe's ability to vigorously defend the claims arising from a potential retrial of the matter, at both their and Wausau's expense. Wausau continues to defend Reliable and Ushe in the appeal of the Holt Litigation.

Wausau asserts clear error in that the magistrate judge concluded that Wausau had not asserted "any of the[] bases" required under Rule 26(c). Furthermore, Wausau contends that the magistrate judge misconstrued the basis of the motion by addressing Fed. R. Evid. 408, regarding the admissibility of settlement negotiations, which none of the parties raised, and which does not apply to the present situation.

Defendants take the position that by filing the declaratory judgment complaint

and naming Holt as a defendant, Wausau waived its right to prevent Holt from gaining access to discoverable information. Defendants argue that Wausau has merely asserted unsubstantiated, general allegations of harm, without identifying any specific documents that would lead to the disclosure of confidential information, and has simply not provided good cause for the court to issue a protective order in this matter. As a procedural matter, defendants question how the case would move forward if the court grants the requested protective order - Holt would have to leave depositions, or even a trial, when particular topics arise. As for the magistrate's reference to Fed. R. Evid. 408, it does not form the sole basis of her decision, and if it were removed, the remaining portions of the Order stand on their own in denying Wausau's motion for a protective order.

By filing this declaratory action, Wausau chose to put its settlement decision-making process in the Holt Litigation at issue in this declaratory action, and chose to make Holt a defendant. Wausau should not be permitted to exclude any discovery from the very party they deliberately brought into the action. By bringing the declaratory action, Wausau made its good or bad faith the very issue to be resolved. Compare, *United States Fire Ins. Co. v. City of Warren*, 2012 U.S. Dist. LEXIS 58353, 19-21 (E.D. Mich. Apr. 26, 2012) (court determined that declaratory action was a contract construction case with no cause of action for bad faith breach injected into the case by plaintiff, therefore plaintiff did not waive claims of privilege by initiating the action). Wausau's complaint alleges that Wausau "has acted appropriately under applicable law and not in bad faith with respect to the Holt Lawsuit." And Wausau "has not engaged in the arbitrary, reckless, indifferent or intentional disregard of the interest of Reliable or

Ushe with respect to the Holt Lawsuit." (Complaint ¶¶ 26, 27).

The magistrate judge's reliance on FRE 408 is misplaced, but her findings that Wausau raised the issue whether it acted in bad faith and named Holt as a defendant, and that Wausau bears the burden of making a good cause showing that a protective order is necessary to protect it from oppression or undue burden, are accurate and proper. The magistrate judge specifically found that Wausau did not "allege" any of these grounds to support a protective order. While Wausau did *allege* oppression and undue burden, it did not give any concrete examples, and its real arguments are along the lines of potential prejudice if there is a retrial. The magistrate judge's denial is supported by the fact that Wausau has not met its burden with sufficient evidence of annoyance, embarrassment, oppression, or undue burden or expense.

Plaintiff's objections to the magistrate judge's denial of a protective order are overruled. Plaintiff's motion to stay is denied as moot.

It is so ordered.

Dated: May 3, 2016

                        s/George Caram Steeh
                        GEORGE CARAM STEEH
                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 3, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk