UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

    Plaintiff,

vs.

RELIABLE TRANSPORTATION
SPECIALISTS, INC., AMARILD
USHE and BURT HOLT,

    Defendants.
_____/

Case No. 15-12954

HON. GEORGE CARAM STEEH

ORDER OVERRULING PLAINTIFF WAUSAU'S OBJECTIONS TO MAGISTRATE
JUDGE'S ORDER DENYING MOTION FOR PROTECTIVE ORDER [DOC. 55]

  This case stems from an underlying lawsuit (the "Holt Litigation") filed by Burt Holt against Reliable Transportation, Amarild Ushe and a co-defendant who is not a party to this action, related to injuries sustained by Holt when he was struck by a tractor trailer operated by Ushe. The present litigation arises out of plaintiff Wausau Underwriters Insurance Company's ("Wausau") declaratory judgment complaint seeking a declaration from this court that it is responsible for no more than the policy limit under the commercial insurance policy issued to Reliable. Reliable Transportation and Ushe filed a counterclaim alleging that Wausau acted in bad faith against its insured by refusing to negotiate a settlement within the policy limits in the Holt Litigation.

  On June 7, 2016, Wausau moved for a protective order setting forth a procedure for filing confidential material with the court under seal, and seeking to preclude confidential information disclosed in this action from being used in the Holt Litigation or

any other litigation. The magistrate judge directed the parties to review *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), stressing the "high burden for overcoming the strong presumption that records filed with the court be done so openly." Wausau revised the proposed protective order by providing that a party may only use confidential material in a filing if, contemporaneously with the use of such information in the filing, the party "files the confidential material provisionally under seal", files in the court record a redacted version of the document that contains the confidential material, and files a motion or stipulated order to authorize sealing the confidential information. The proposed order provides that the "Confidential Material shall remain under seal and/or redacted in any filing until the Court and/or the Parties reach a decision or agreement regarding whether the Confidential Material shall remain outside of the public record." R. 53-1. Finally, the proposed protective order seeks to enjoin any party from using material marked confidential "for any other purpose, including, without limitation, in the Underlying Action or in any other litigation or arbitration proceeding, or for any business or commercial purpose." *Id.*

The magistrate judge denied the proposed protective order after concluding that it did not comport with *Shane Group* or E.D. Mich. LR 5.3(b). The magistrate judge was concerned with the order's requirement that materials designated confidential would be temporarily sealed without any preliminary showing of a compelling reason to seal and without first requesting an order to have the items sealed. Furthermore, the items would remain under seal for an unspecified period of time while the court reviews the motion or stipulation requesting that the documents be maintained under seal permanently.

Wausau describes its proposal as an efficient logistical procedure which does not bind the court to a particular time period to conduct its review.

Federal Rule of Civil Procedure 72(a) provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate's] order that is clearly erroneous or is contrary to law." Wausau first objects to the magistrate judge's finding that the proposed protective order does not comply with *Shane Group* and Local Rule 5.3(b) as being contrary to law.

The Sixth Circuit recognizes a distinction between protective orders entered pursuant to the discovery provisions of Fed. R. Civ. P. 26 and orders to seal court records. *Shane Group*, 825 F.3d at 305. Secrecy is acceptable at the discovery stage, where a court may enter a protective order limiting use or disclosure upon a showing of good cause. *Id.* (citation omitted). However, different considerations apply when the parties place material in the court record because the public has a strong interest in having access to such information. *Id.* There is a "'strong presumption in favor of openness' as to court records" with a heavy "burden of overcoming that presumption . . . borne by the party that seeks to seal them." *Id.* "'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.*

Local Rule 5.3(b) sets forth the procedure as to sealed documents, requiring a party filing documents under seal to first secure an order to do so. The order must be preceded by a motion or stipulation that states the authority for sealing, states why sealing the item is necessary, and states why an alternative to sealing is unsatisfactory. Rule 5.3(b).

The procedure proposed by Wausau's protective order presumes non-disclosure by requiring items designated as confidential in discovery to be filed under seal, albeit temporarily, without first obtaining an order from the court and with only a contemporaneous showing of a compelling reason by the party seeking to have the items sealed. A district court that determines to seal court records is required to set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* at 306 (citation omitted). The proposed protective order changes the procedure set forth in Local Rule 5.3(b), and does not comply with *Shane Group*. Wausau does not provide any compelling reason for altering the established procedure for filing documents under seal, and the court does not find that one exists in this case. The court finds that the magistrate judge's order is not contrary to law and thus overrules Wausau's first objection.

Wausau's second objection is that the magistrate judge's finding that the proposed protective order improperly seeks to limit use of discovery to the current litigation is contrary to law. The proposed protective order provides:

> The Parties may use Confidential Material in the prosecution, defense or settlement of this Action only. The Parties may not use or reference Confidential Material for any other purpose, including, without limitation, in the Underlying Action or in any other litigation or arbitration proceeding, or for any business or commercial purpose.

The magistrate judge's order states that the proposed protective order "aims, without any supporting authority, to have this Court dictate whether a party may admit evidence in a proceeding over which this Court has no jurisdiction." R. 54.

This quoted provision of the proposed protective order would purportedly bind other courts from deciding whether or not portions of discovery in this case are useable

-4-

in another forum. As found by the magistrate judge, plaintiff cites no authority for such a request in the absence of an agreement between the parties. Plaintiff's second objection to the magistrate judge's order is overruled.

    IT IS SO ORDERED.

Dated: October 21, 2016        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 21, 2016, by electronic and/or ordinary mail.

s/David Parker
Deputy Clerk