UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

        Plaintiff,

vs.

RELIABLE TRANSPORTATION
SPECIALISTS, INC., AMARILD
USHE and BURT HOLT,

        Defendants.

_____/

Case No. 15-12954

HON. GEORGE CARAM STEEH

ORDER DENYING WAUSAU'S MOTION TO STAY
PROCEEDINGS [DOC. 64] DENYING HOLT'S REQUEST FOR SANCTIONS
AND GRANTING MOTION TO EXTEND SCHEDULING ORDER [DOC. 66]

      This case stems from an underlying lawsuit (the "Holt Litigation") filed by Burt Holt against Reliable Transportation, Amarild Ushe and a co-defendant who is not a party to this action, related to injuries sustained by Holt when he was struck by a tractor trailer operated by Ushe.  The present litigation arises out of plaintiff Wausau Underwriters Insurance Company's ("Wausau") declaratory judgment complaint seeking a declaration from this court that it is responsible for no more than the $1,000,000 policy limit under the commercial insurance policy issued to Reliable.  Reliable Transportation and Ushe filed a counterclaim alleging that Wausau acted in bad faith against its insured by refusing to negotiate a settlement within the policy limits in the Holt Litigation.

      Wausau denies that it acted improperly in its analysis and settlement strategy with respect to the Holt Litigation.  However, according to Wausau, the information

1

necessary to prove its position in response to the bad faith counterclaim includes reports from defense counsel analyzing the strengths and weaknesses of the claims and defenses, and Wausau's own analysis of the settlement value of the underlying case. Wausau contends that if it is required to go forward with this action now and provide defense and settlement information to Mr. Holt while the underlying lawsuit remains pending before the Michigan Court of Appeals, Wausau and Reliable will suffer irreparable hardship and inequity due to the risk of prejudice to their defense of that case. Wausau's primary concern is that the Holt Litigation may result in a new trial and Mr. Holt would have an unfair advantage if he has access to the confidential settlement information.

    In an effort to protect its interests as well as those of Reliable, Wausau brought two motions for protective orders in this case, both of which were denied. On February 19, 2016, Wausau filed a motion for protective order (Doc #22) requesting that Mr. Holt be excluded from discovery due to the prejudice that could result to Wausau and Reliable if defense information pertaining to the Holt Litigation was disclosed to him. Magistrate Judge Stafford denied the motion and on May 3, 2016 this court overruled Wausau's objections to the denial. On June 7, 2016, Wausau filed its second motion for protective order (Doc #48) seeking to restrict the confidential discovery disclosed in this case from being used or referenced in other litigation, including the Holt Litigation. Magistrate Judge Stafford denied the motion. On August 3, 2016 this court denied Wausau's motion to stay the magistrate's order and on October 21, 2016 this court overruled Wausau's objections to the denial of its second motion for protective order.

Now Wausau seeks entry of an order staying the proceedings in this action until the Holt Litigation is resolved.  Reliable does not oppose Wausau's request for a stay, but Mr. Holt does.  Mr. Holt points out that Wausau made a deliberate decision to initiate this action and include him as a defendant while the underlying action remained pending.  Therefore, Wausau should not be permitted to argue that it will be prejudiced if the lawsuit it brought proceeds in a timely fashion.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  A party who moves for a stay of proceedings "must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else."  *Id.* at 255.

The appeal in the Holt Litigation has now been fully briefed, so Wausau recognizes that any confidential information turned over in this lawsuit cannot be included in any briefs.  Nor could such information be discussed during oral argument because it is not part of the lower court record.  A potential outcome of the appeal is a remand for new trial, which is most concerning to Wausau from the standpoint of giving Mr. Holt access to its attorney's trial and settlement strategy in the first trial.  While handing over a case file to opposing counsel is not something any attorney would relish, the court does not give the contents of the discovery as much weight as Wausau's counsel does. Both parties learned a lot as a result of the first trial and because of that would undoubtedly approach the case differently in a retrial.

On the other hand, Mr. Holt has a clear interest in minimizing any delay caused by a stay in a case he is forced to defend. Nobody can predict the outcome of the Holt Litigation in state court, but Wausau made the decision to bring this action before the underlying litigation was concluded and the court does not find good reason to issue a stay to protect Wausau from the consequences of its chosen strategy. Wausau's motion to stay is DENIED.

Mr. Holt requests sanctions against plaintiff's counsel for costs and attorney fees incurred in filing the response and attending this hearing. As stated by the court on the record at oral argument, the request for sanctions is DENIED.

Reliable and Ushe filed a motion to extend the scheduling order deadlines if the motion to stay is denied. Wausau concurs in the motion to extend and Mr. Holt does not oppose the motion. The motion to extend scheduling order dates is GRANTED.

The scheduling order is amended as follows:

Discovery cutoff - May 30, 2017

Dispositive motion cutoff - July 31, 2017

Final Pretrial Order due - November 6, 2017

Final Pretrial Conference – November 13, 2017 at 10:00 a.m.

Trial Date – November 28, 2017 at 9:00 a.m.

So ordered

Dated:  January 19, 2017

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 19, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk