UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

        Plaintiff,        CASE NO. 15-12954

vs.        HON. GEORGE CARAM STEEH

RELIABLE TRANSPORTATION
SPECIALISTS, INC., AMARILD
USHE and BURT HOLT,

        Defendants.
_____/

ORDER GRANTING PLAINTIFF WAUSAU'S OBJECTIONS
TO MAGISTRATE JUDGE'S ORDER COMPELLING
DISCOVERY AND MODIFYING ORDER IN PART [DOC. 82]

      This case stems from an underlying lawsuit (the "Holt Litigation") filed by Burt Holt against Reliable Transportation, Amarild Ushe and a co-co-defendant who is not a party to this action, related to injuries sustained by Holt when he was struck by a tractor trailer operated by Ushe. The present litigation arises out of plaintiff Wausau Underwriters Insurance Company's ("Wausau") declaratory judgment complaint seeking a declaration from this court that it is responsible for no more than the policy limit under the commercial insurance policy issued to Reliable. Reliable Transportation and Ushe filed a counterclaim alleging that Wausau acted in

- 1 -

bad faith against its insured by refusing to negotiate a settlement within the policy limits in the Holt Litigation.

The matter is presently before the court on Wausau's objections to the Magistrate Judge's March 17, 2017 Order Granting in Part and Denying in Part Defendants' Motion to Compel Discovery Responses ("Order"). The only portion of the Order that Wausau objects to relates to the requirement that Wausau "must produce the docket information for cases from within the past 3 years in which bad faith failure to settle was alleged against Liberty Mutual and/or its subsidiaries." Doc. 80, p. 2. For the reasons set forth below, Wausau's objection is granted and the Magistrate Judge's order is modified accordingly.

A. Background

In the motion to compel, Reliable and Ushe sought responses from Wausau for documents relating to other litigated cases:

> 15. Copies of all documents regarding other litigation regarding the same or similar issues as in the above styled case or in bad faith cases in same, or in other jurisdictions, both trial and appellate courts, from the last three (3) years.

> 16. Copies of all documents regarding any and all judgments awarded against Wausau in other litigation regarding the same or similar issues as in the above styled case or in bad faith cases in the same or in other jurisdictions, both trial and appellate courts, from the last three (3) years.

> 17. Copies of all documents regarding any awards of punitive damages against Wausau within the last seven (7) years, including the jurisdiction in which the punitive damages were awarded and the style of the case.

Wausau filed a response in opposition to the motion to compel, arguing that the requests for information relating to other litigation are overly broad and seek irrelevant information.

On March 1, 2017, the parties met to discuss the outstanding discovery issues as required by the Magistrate Judge. At this meeting, Reliable's counsel stated that Reliable was seeking information from any Liberty Mutual company, not just Wausau. On March 3, 2017, Reliable and Ushe filed a report with the Magistrate Judge stating that it would limit its requests to "bad faith failure to settle" cases, as opposed to any bad faith case. Reliable also offered to limit the request to certain jurisdictions, subject to further detail from Wausau. Reliable further stated it contemplated withdrawing Request 17 "[a]s punitive damages do not appear to be allowable . . . ." The report did not state that Reliable was expanding the request to include all Liberty Mutual companies.

On March 8, 2017, Wausau filed its response to Reliable and Ushe's report. Wausau objected on the basis of relevance and explained the practical difficulties in complying with the requests. Wausau did not

address its objections to including all Liberty Mutual companies because it was not discussed by Reliable.

Magistrate Judge Stafford heard oral argument on the motion to compel on March 16, 2017. She granted the motion in part and denied it in part. With respect to the request for information pertaining to other litigation the order states:

> Wausau must produce the docket information for cases from within the past 3 years in which bad faith failure to settle was alleged against Liberty Mutual and/or its subsidiaries. To the extent that defendants have requested documentation regarding any such litigation that is publicly available, these requests are otherwise **DENIED**.

Doc. 80 at pp. 2-3.

Wausau filed the present motion requesting that the Order be modified pursuant to Fed. R. Civ. P. 72(a) on the issue of other litigation matters because it argues that that portion of the decision is contrary to law.

B. <u>Standard of Law</u>

Fed. R. Civ. P. 26(b)(1) allows the discovery of information "that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 72(a) provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate's] order that is clearly erroneous or is contrary to law." A

magistrate judge's nondispositive order is reviewed for clear error. 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001). The clearly erroneous standard applies to a magistrate's factual findings, whereas legal conclusions are reviewed under the "contrary to law" standard. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014).

C. Analysis

Reliable and Ushe contend that docket information from the past three years in which bad faith failure to settle was alleged against Liberty Mutual and/or its subsidiaries "is relevant in establishing whether a pattern of bad faith failure to settle can be identified within Liberty Mutual and/or its subsidiaries as well as any specific personnel involved in the identified litigation that relates to the claims alleged in Reliable Transportation and Ushe's Counterclaim . . . ." Doc. 83 p. 6.

The dispute in this case is whether Wausau acted in bad faith in not settling the underlying liability lawsuit filed by defendant Holt against Reliable and Ushe. There are no allegations in the pleadings pertaining to

Wausau's patterns, practices or course of conduct with respect to other claims. The Counterclaims assert:

> Wausau breached the insurance contract and its duty of good faith and fair dealing to Reliable Transportation and Ushe by wrongfully refusing, despite multiple opportunities to settle the Holt Lawsuit at or within the available policy limits and, as a result, subjected Reliable Transportation and Ushe's assets to an excess judgment in the amount of $7,735,142.35.

Doc. 10, ¶ 30; Doc. 12, ¶33.

In support of its contention that evidence of a practice and pattern of bad faith failure to settle is proper, Reliable and Ushe rely on *Commercial Union Ins. Co. v. Liberty Mut. Ins. Co.*, 426 Mich. 127 (1986). In the context of bad faith failure to settle by an insurance company, *Commercial Union* articulated the definition of "bad faith" for purposes of jury instructions as "arbitrary, reckless, indifferent, or intentional disregard of the interests of the person owed a duty." *Id*. at 136. The court also provided "supplemental factors" which may be considered in determining whether liability exists for bad faith, noting that the facts of each individual case will determine which of the factors are relevant. *Id*. at 137.

> 1) failure to keep the insured fully informed of all developments in the claim or suit that could reasonably affect the interests of the insured,
>
> 2) failure to inform the insured of all settlement offers that do not fall within the policy limits,

3) failure to solicit a settlement offer or initiate settlement negotiations when warranted under the circumstances,

4) failure to accept a reasonable compromise offer of settlement when the facts of the case or claim indicate obvious liability and serious injury,

5) rejection of a reasonable offer of settlement within the policy limits,

6) undue delay in accepting a reasonable offer to settle a potentially dangerous case within the policy limits where the verdict potential is high,

7) an attempt by the insurer to coerce or obtain an involuntary contribution from the insured in order to settle within the policy limits,

8) failure to make a proper investigation of the claim prior to refusing an offer of settlement within the policy limits,

9) disregarding the advice or recommendations of an adjuster or attorney,

10) serious and recurrent negligence by the insurer,

11) refusal to settle a case within the policy limits following an excessive verdict when the chances of reversal on appeal are slight or doubtful, and

12) failure to take an appeal following a verdict in excess of the policy limits where there are reasonable grounds for such an appeal, especially where trial counsel so recommended.

*Id.* at 138–39 (citations omitted).

None of the twelve factors relate to the insurer's conduct involving other claims or lawsuits, nor do they relate to litigation filed against the

insurer's affiliated companies. Wausau is the named party in this case, and Wausau is the insuring entity that issued the policy to Reliable.  The court understands Reliable and Ushe's contention that Liberty Mutual was involved in handling, defending and adjusting claims for all of their subsidiaries.  However, there are apparently 60 companies that fall within the definition of "Liberty Mutual and its subsidiaries," a fact that Magistrate Judge Stafford was not made aware of before making her decision. Declaration of J. Townsend, ¶ 4.  Information regarding allegations of bad faith failure to settle in any jurisdiction against any Liberty Mutual company has no bearing on whether Wausau acted in bad faith with regard to settlement of the Holt litigation.

The court finds that the portion of the Order requiring production of docket information for cases in which bad faith failure to settle was alleged against Liberty Mutual and/or its subsidiaries is contrary to law because the requested information is not relevant to any party's claims or defenses in this case.  For this reason, the court modifies the Order by striking that portion of the Order.

It is so ordered.

Dated:  April 28, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 28, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk