UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

          Plaintiff,          CASE NO. 15-12954

vs.          HON. GEORGE CARAM STEEH

RELIABLE TRANSPORTATION
SPECIALISTS, INC., AMARILD
USHE and BURT HOLT,

          Defendants.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS AND
DISMISSING COUNT II OF THE COUNTERCLAIMS [DOC. 99]

     This case stems from an underlying lawsuit (the "Holt Litigation") filed by Burt Holt against Reliable Transportation Specialists ("Reliable"), Amarild Ushe and a co-defendant who is not a party to this action, related to injuries sustained by Holt when he was struck by a tractor trailer operated by Ushe. The present litigation arises out of plaintiff Wausau Underwriters Insurance Company's ("Wausau") declaratory judgment complaint seeking a declaration from this court that it is responsible for no more than the policy limit under the commercial insurance policy issued to Reliable. Reliable and Ushe filed counterclaims for breach of contract and

tort alleging that Wausau acted in bad faith against its insured by refusing to negotiate a settlement within the policy limits in the Holt Litigation.

The matter is presently before the court on Wausau's motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) for Count II of the counterclaims, "Tortious Conduct and Bad Faith." On August 5, 2016, the court determined that Michigan law applies to the counterclaims asserted by Reliable and Ushe. Wausau argues that Michigan law does not recognize a bad faith failure to settle claim sounding in tort and therefore Count II of the counterclaims fails to state a claim upon which relief can be granted.

Reliable and Ushe concede that Count II of their counterclaims should be dismissed because Michigan law does not recognize a tort claim for bad faith failure to settle. However, Reliable and Ushe request that the court recognize that their breach of contract claim in Count I includes recovery of attorney fees incurred both in defending this lawsuit filed by Wausau and in prosecuting their bad faith claims against Wausau. If the court deems that attorney fees are not properly pled under Count I of their counterclaims, Reliable and Ushe request that the court allow them leave to amend to add attorney fees as an element of damages.

In Count I of their counterclaims for bad faith breach of contract, Reliable and Ushe seek damages, including consequential and incidental damages, and an excess judgment in the amount of $7,735,142.35, as a direct and proximate result of Wausau's breach of insurance contract and its duty to deal in good faith. The breach of contract claim does not include a request for attorney fees, but Reliable and Ushe argue they should be entitled to recover their attorney fees on the basis that they are a foreseeable element of damages stemming from the alleged breach of the insurance contract.

In support, Reliable and Ushe cite to *Frankenmuth Mut. Ins. Co. v. Keeley*, 433 Mich. 525 (1989), on reh'g, 434 Mich. 1206 (1990), and on reh'g, 436 Mich. 372 (1990), a bad faith failure to settle action. In that case, Justice Levin's dissent, which was later adopted by the majority on rehearing, reasoned that "damaged credit and financial ruin are, we agree, economic loss and compensable. If Keeley could demonstrate that his credit has been damaged or he had suffered financial ruin, then he should no doubt recover for such economic loss caused by breach of contract." *Id. Id.* at 559. Reliable points out that it has had to incur significant attorney fees in defending this lawsuit and prosecuting its bad faith action, and that such attorney fees are economic damages caused by the breach of

contract.  But for Wausau's bad faith failure to settle within policy limits, the attorney fees would not have been incurred.

However, the law in Michigan is clear that the American rule applies to preclude recovery of attorney fees in breach of contract claims. *Burnside v. State Farm Fire & Cas. Co.*, 208 Mich. App. 422 (1995).  In that case, after a fire destroyed the policyholder's house, the insurance company investigated the fire and denied the policyholder's claim.  The policyholder sued the insurance company and the jury found that the insurance company acted in bad faith breach of the insurance contract.  In response to the policyholder's attempt to recover its attorney fees, the court held that "the application of the American rule precludes the recovery of attorney fees incurred as a result of an insurer's bad-faith refusal to pay a claim."  *Id.* at 424.  "Under the American rule, attorney fees are generally not allowed, as either costs or damages, unless recovery is expressly authorized by statute, court rule, or a recognized exception."  *Id.* at 426-27.  Therefore, the American rule is a "limitation upon the recovery of attorney fees incurred as a foreseeable result of an insurer's breach of a contract to provide coverage[.]" *Id.* at 429.

The issue of whether attorney fees are recoverable by Reliable as damages in its bad faith breach of contract counterclaim has been raised in

the course of Reliable's response to Wausau's motion for partial judgment on the pleadings on another claim. Procedural niceties are important for many reasons, not the least of which is to allow the parties to fully develop the record for decision. The question of attorney fees in this case raises more questions than it answers and the parties have not been given the opportunity to fully develop their arguments in a way that assists the court in ruling on the issue. Therefore, the court does not believe it to be prudent prudent to rule on whether attorney fees can or cannot be recovered by Reliable until the case is properly teed up for determination.

Now, therefore, for the reasons stated in this opinion,

IT IS HEREBY ORDERED that plaintiff's motion for partial judgment on the pleadings is GRANTED.

IT IS HEREBY FURTHER ORDERED that Count II of the counterclaims is DISMISSED.

IT IS HEREBY FURTHER ORDERED that defendants' alternative request for leave to amend its complaint is GRANTED.

IT IS SO ORDERED.

Dated: November 15, 2017

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 15, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk