UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

        Plaintiff,        Civil Action No.: 15-12954
                                     Honorable George Caram Steeh
v.                            Magistrate Judge Elizabeth A. Stafford

RELIABLE TRANSPORTATION
SPECIALISTS, INC., AMARILD
USHE, and BURT HOLT,

        Defendants.
_____/

# OPINION AND ORDER
# DENYING PLAINTIFF'S MOTION TO COMPEL
# PRODUCTION OF JOINT DEFENSE AGREEMENT [ECF NO. 159]

Plaintiff Wausau Underwriters Insurance Company moves to compel production of a joint defense agreement between Defendants Reliable Transportation Specialists, Amarild Ushe and Burt Holt. [ECF No. 159]. Defendants' responses described the agreement at issue as a common interest agreement. [ECF No. 164, 166]. The Court ordered defendants to produce the agreement for an *in camera* review, [ECF No. 167], and held a hearing on September 6, 2018.

The "Common Interest Confidentiality Agreement," which was signed by counsel for each of the defendants in September 2017, includes none of the tolling, settlement, indemnification or other financial provisions Wausau

relied upon in its motion to compel to argue that the agreement is relevant. [See ECF No. 159, PageID.5587-92]. Admittedly, Wausau could not know when filing its motion whether the agreement provided such provisions, but defendants stated in their response that the agreement included only boilerplate terms. [ECF No. 165, PageID.5702].

Defendants cited *Biovail Laboratories Intern. SRL v. Watson Pharmaceuticals, Inc.*, 2010 WL 3447187, *1–*2 (S.D. Fla. 2010), which held that a "garden variety joint defense agreement" containing only "standard and boilerplate language," and that was merely a "mechanism for safely sharing information," was not relevant or discoverable. *Biovail* relied upon other opinions, including *Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 428 (D.N.J. 2009), which found that a joint defense agreement with "standard boiler plate language is not discoverable because it is not relevant to any claim or defense in this case." Within the Sixth Circuit, the court in *Broessel v. Triad Guar. Ins. Corp.*, 238 F.R.D. 215, 218 (W.D. Ky. 2006), bypassed the parties' vigorous arguments regarding whether the joint defense agreements at issue were privileged,[1]

---

[1] At the hearing, defense counsel insisted that joint defense agreements are privileged under the joint defense privilege, but "[c]ases addressing the question of whether JDAs are privileged fall, quite frankly, all over the lot." *Steuben Foods, Inc. v. GEA Process Eng'g, Inc.*, No. 12-CV-00904(S)(M), 2016 WL 1238785, at *1 (W.D.N.Y. Mar. 30, 2016).

2

and instead found that they were not relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1). *See also Innovative Legal Mktg., LLC v. Mkt. Masters–Legal*, No. 2:10CV580, 2011 WL 13118266, at *1 (E.D. Va. Sept. 23, 2011) (denying motion to compel garden variety, boilerplate joint discovery agreement with no substantive business, indemnity or financial provisions).

In its reply, Wausau did not address the case law finding boilerplate agreements to be irrelevant, and instead asserted that the Court was not bound by defendants' characterization of the agreement. [ECF No. 166, PageID.5722]. At this juncture, the Court has conducted an *in camera* review and confirmed that the common interest confidentiality agreement is boilerplate and is merely a mechanism for safely sharing information. Wausau's reply provided no authority stating that such a boilerplate agreement is relevant or discoverable.

At the hearing, Wausau asserted that it is entitled to discover the scope of the common interest as defined by the agreement, but the agreement does not define that the scope of the common interest. Wausau also argued that the scope of the agreement is more relevant here than in other case because this case is unique. What makes this case unique, according to Wausau, is that there are adverse interests among the parties to the common interest confidentiality agreement that may lead to future

3

litigation between them. But courts have noted that the "common interest privilege does not require a complete unity of interests among the participants" and "applies where the interests of the parties are not identical, and it applies even where the parties' interests are adverse in substantial respects. The privilege applies even where a lawsuit is foreseeable in the future between the co-defendants." *JP Morgan Chase Bank, N.A. v. Winget*, No. 08-13845, 2010 WL 11545362, at *3 (E.D. Mich. Dec. 10, 2010) (citations and internal quotation marks omitted). Thus, adverse interests among parties to a common interest agreement are not unique, as Wausau argued, and the alleged uniqueness of this case does not distinguish this case from others finding that boilerplate joint defense agreements are not relevant or discoverable.

For these reasons, Wausau's motion to compel the joint discovery agreement is **DENIED.**

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 6, 2018

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which

provides a period of 14 days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 6, 2018.

<pre>                          s/Karri Sandusky on behalf of
                          MARLENA WILLIAMS
                          Case Manager</pre>