UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

                  Plaintiff,          CASE NO. 15-12954

vs.                                HON. GEORGE CARAM STEEH

RELIABLE TRANSPORTATION
SPECIALISTS, INC., AMARILD
USHE and BURT HOLT,

                  Defendants.

and

RELIABLE TRANSPORTATION
SPECIALISTS, INC. and AMARILD
USHE,

                  Counter-Plaintiffs,

vs.

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

                  Counter-Defendant.
_____/

## ORDER GRANTING WITH CONDITIONS PLAINTIFF'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT WITHOUT PREJUDICE [DOC. 154] AND DISMISSING BURT HOLT

This case stems from an underlying lawsuit (the "Holt Litigation") filed

by Burt Holt against Reliable Transportation Specialists ("Reliable"),

- 1 -

Amarild Ushe, and Containerport Group Inc., related to injuries sustained by Holt when he was struck by a tractor trailer operated by Ushe. The Holt Litigation proceeded to trial and Holt obtained a verdict against defendants Reliable and Ushe in the amount of $8,735,142.35.[1] Defendants took the position that Wausau Underwriters Insurance Company ("Wausau") is responsible to pay the entire amount of the judgment against them, including the part of the judgment that exceeds Wausau's $1,000,000 limit of insurance under the Policy issued to Reliable, due to Wausau's bad faith failure to settle within policy limits.

In the Fall of 2017, Wausau, Reliable, Ushe and Holt reached an agreement pursuant to which: (1) Wausau paid its $1,000,000 policy limit plus supplementary payments owed pursuant to policy terms; (2) the application for leave to appeal to the Michigan Supreme Court would be withdrawn; and (3) Holt agreed to forego further collection on the judgment against Reliable and Ushe until the action pending before this court is resolved, including all appeals. Wausau paid Holt $1,545,462.55 on behalf of Reliable and Ushe. A partial satisfaction of judgment as to Reliable and Ushe was entered by the trial court on November 29, 2017.

---

[1] The total verdict was $22,616,669. After necessary reductions were made, the total award against Reliable and Ushe was $8,735,142.35 and the total award against Containerport Group Inc. was $6,919,164.13.

The present litigation arises out of plaintiff Wausau's declaratory judgment complaint seeking a declaration from this court that it is responsible for no more than the policy limit under the commercial insurance policy issued to Reliable and that defendants are precluded from asserting any claim for bad faith with respect to the Holt Litigation. Wausau initiated its declaratory judgment action against Reliable, Ushe and Holt while the underlying verdict was being appealed by Reliable and Ushe.

Reliable and Ushe filed counterclaims for breach of contract and tort, alleging that Wausau acted in bad faith against its insured by refusing to negotiate a settlement of the Holt Litigation within the policy limits. The tort count has been dismissed, leaving the breach of contract / duty of good faith and fair dealing claim asserted against Wausau. The matter is presently before the court on Wausau's motion to dismiss its complaint for declaratory judgment without prejudice pursuant to Fed. R. Civ. Proc. 41(a)(2). The court is familiar with the case and has read the pleadings filed by both sides. The court does not believe that it would benefit from oral argument in this matter and is therefore deciding the motions on the briefs.

Wausau explains that it initiated this declaratory judgment action against Reliable, Ushe and Holt because Reliable made claims after trial

that Wausau was responsible for the entire judgment while it was unclear whether the judgment would survive post-judgment motions and appeal. Now that the Holt Litigation has been resolved, Wausau argues that Reliable's and Ushe's counterclaims control and there is no useful purpose for the declaratory judgment complaint. Wausau contends that the declaratory judgment complaint is moot and redundant. Wausau seeks dismissal without prejudice because it does not want to waive any of its defenses or legal arguments in opposition to the counterclaims, though it states that it will not re-assert the claim.

Wausau argues that given the parties' agreement that Holt will forego collection until this action is fully resolved, and given that it is clear the judgment will stand, the counterclaims are sufficient to control the parties' dispute. The only issue remaining is whether Wausau is liable to pay the remaining portion of the judgment against Reliable and Ushe outside of Wausau's policy obligations due to its alleged bad faith failure to settle. Wausau contends that in order to present the claims at issue in an orderly manner at trial, and in an effort to "clean up" the pleadings, it seeks dismissal of the declaratory judgment complaint without prejudice.

Federal Rule of Civil Procedure 41(a) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the

court considers proper." The decision whether to grant a motion for voluntary dismissal without prejudice "is within the sound discretion of the district court." *Arvai v. Allstate Indem. Co.*, No. 14-10954, 2015 WL 13021803, at *1 (E.D. Mich. Feb 18, 2015) (quoting *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). "The primary purpose of the rule in interposing the requirement of court approval is to protect the non-movant from unfair treatment." *Id.* "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

By filing its declaratory judgment complaint three years ago, Wausau undertook the burden of proving that it did not act in bad faith in failing to settle the Holt Litigation within policy limits. Wausau explains that it named Holt as a defendant to protect Reliable from immediate collection efforts while the underlying case was on appeal. Wausau then attempted to preclude Holt from participating in the declaratory judgment action, seeking to exclude him from the discovery process and seeking to limit his use of any evidence obtained during discovery.

Wausau has consistently taken the position that did not assert any affirmative cause of action against Holt, so Holt controlled the extent to which he participated in the declaratory litigation. Each time Wausau made this argument to support excluding Holt from participating in discovery, it lost. Still, Wausau continues to argue that Holt's interest in the outcome of this case is fully aligned with and protected by Reliable and Ushe, and therefore Holt will suffer no prejudice if Wausau's declaratory judgment action is dismissed.

Discovery in this case has been extensive, including 21 depositions, as well as written discovery and voluminous document exchanges. Holt avers that he has expended hundreds of attorney hours defending himself against Wausau's declaratory judgment action.

After the underlying Holt Litigation was resolved, Wausau waited eight months to file its motion to dismiss its complaint under Rule 41(a)(2). During that time, there have been numerous motions, hearings and conferences that required defendants' participation. In just that period, the parties took the depositions of Ven Johnson, Tom Schulte, Rick Joslin, Michael Parise, Judge Kathleen MacDonald, Terry Lynch, Kraig Lhotak, Kevin Lhotak, Justin Cherfoli, Charles Weik, Mike Batalucco and Amarild Ushe. In addition, Wausau filed its motion for summary judgment, to which

defendants had to respond.  Wausau has not provided any explanation as to why it waited eight months to file its motion to dismiss.

Defendants accuse Wausau of engaging in an about-face of its initial trial strategy.  As defendants view the new strategy, Wausau would rather be the defendant than the plaintiff.  Wausau does not want the jury to see that it elected to sue Mr. Holt and its insureds.  Wausau does not wish to bear the burden of proving its case.  The court does not view Wausau's motives quite so nefariously.

The "useful purpose" of a declaratory judgment action is as a method of clarifying the legal duties of the plaintiff for the future as opposed to past harm.  *AmSouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004).  When a party sues for a declaration of nonliability, "courts will [typically] decline to hear the action in favor of a subsequently-filed coercive action by the 'natural plaintiff.'"  *Id.* (citing 10B Wright, Miller & Mary Kay Kane § 2765 at 638 (3d ed.1998)).  While Wausau's declaratory action was appropriate when originally filed, once the damages claim was settled its useful purpose no longer existed.  The issue of Wausau's bad faith failure to settle is best addressed by the counterclaim filed by Reliable and Ushe, in which they seek to require Wausau to pay the balance of the judgment against them.

Where a court grants voluntary dismissal pursuant to Fed. R. Civ. Proc. 41(a)(2), "dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publishing, Inc.*, 583 F.3d 948, 954 (2009). The court is aware that Wausau's filing of its declaratory judgment complaint in this court required defendants to expend a great deal of effort and expense engaging in discovery and litigation of the case. Holt requests that if the case is dismissed, Wausau be ordered to pay the entirety of the defense Holt should never had to present. The court agrees that conditioning Wausau's dismissal on the payment of Holt's attorney's fees incurred in defending against the declaratory judgment action will offset any prejudice Holt would otherwise suffer.

Reliable and Ushe request that they be allowed to call witnesses listed and identified by Holt in this action, including expert witness Jeffrey Posner. Wausau does not object to this last request, regarding the use of Holt's witness lists and Rule 26 expert witness and expert report as a condition of dismissal. Now, therefore,

IT IS HEREBY ORDERED that plaintiff Wausau's motion to dismiss complaint for declaratory judgment without prejudice is GRANTED with the

following conditions.

IT IS HEREBY FURTHER ORDERED that Wausau pay Holt's attorney's fees incurred in defending against the declaratory judgment action.

IT IS HEREBY FURTHER ORDERED that Reliable and Ushe may use Holt's witness lists and Rule 26 expert witness and expert report.

IT IS HEREBY FURTHER ORDERED that defendant Burt Holt is DISMISSED as a party to the action.

SO ORDERED.

Dated: October 17, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 17, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---