UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

          Plaintiff,         CASE NO. 15-12954

vs.                             HON. GEORGE CARAM STEEH

RELIABLE TRANSPORTATION
SPECIALISTS, INC., AMARILD
USHE and BURT HOLT,

          Defendants.
_____/

ORDER DENYING PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S SEPTEMBER 6, 2018 OPINION AND
ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF JOINT DEFENSE AGREEMENT [DOC. 169]

This case stems from an underlying lawsuit (the "Holt Litigation") filed by Burt Holt against Reliable Transportation Specialists ("Reliable"), Amarild Ushe, and Containerport Group Inc., related to injuries sustained by Holt when he was struck by a tractor trailer operated by Ushe. The Holt Litigation proceeded to trial and Holt obtained a verdict against defendants Reliable and Ushe in the amount of $8,735,142.35. The present litigation arises out of Reliable's and Ushe's breach of contract / duty of good faith and fair dealing claim alleging that Wausau acted in bad faith against its

insured by refusing to negotiate a settlement within the policy limits in the Holt Litigation.

On July 27, 2018, Wausau filed a motion to compel production of a joint defense agreement entered between Holt and Reliable. Magistrate Judge Stafford held a hearing on the motion on September 6, 2018, having previously ordered that the Common Interest Confidentiality Agreement ("Agreement") be produced for *in camera* review by the court. Magistrate Judge Stafford denied the motion to compel, finding that the Agreement is not relevant and therefore not discoverable.

A. <u>Standard of Review</u>

Fed. R. Civ. P. 26(b)(1) allows the discovery of information "that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 72(a) provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate's] order that is clearly erroneous or is contrary to law." The clearly erroneous standard applies to a magistrate's factual findings, whereas legal conclusions are reviewed under the "contrary to law" standard. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014).

B. <u>Analysis</u>

Judge Stafford described the Agreement as "merely a mechanism for safely sharing information," and noted that the Agreement "does not define the scope of the common interest" between Holt and Reliable. She further described the Agreement as containing only generic, boilerplate terms. In response to Wausau's argument that this case is unique because there are adverse interests among the parties to the Agreement that may lead to future litigation between them, Judge Stafford concluded that "adverse interests among parties to a common interest agreement are not unique . . . and the alleged uniqueness of this case does not distinguish this case from others finding that boilerplate joint defense agreements are not relevant or discoverable." (Order, p. 2, citing *JP Morgan Chase Bank, N.A. v. Winget*, No. 08-13845, 2010 WL 11545362, at *3 (E.D. Mich. Dec. 10, 2010).

Wausau argues that the scope of discovery is traditionally quite broad, *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998), and therefore the Agreement's provisions are relevant to the claims and defenses in this case. Wausau again points out that Reliable and Holt are adversaries in that Holt has an outstanding judgment against Reliable. While the parties believe they have a common interest in pursuing Reliable's claim for bad faith against Wausau, the scope and nature of such

common interest is not obvious to Wausau.  Wausau wants to discover the entire Agreement which may be useful to impeach witnesses at trial, including fact witnesses such as Holt's and Reliable's attorneys.  Wausau believes that understanding the common interest between the two parties and the terms of their agreement to maintain confidentiality is relevant to impeach the credibility or explain the motivation behind the testimony of such fact witnesses.

Magistrate Judge Stafford considered each of the arguments made by Wausau and concluded that under applicable law, the terms of the Agreement are not relevant and therefore not discoverable.  The Magistrate Judge's decision is not contrary to law.  While Wausau is correct that the scope of discovery is generally quite broad, when it comes to joint defense agreements, courts are clear that boilerplate agreements are neither relevant nor discoverable as they do not pertain to the claims or defenses at issue in the cases.  Wausau's objections are therefore overruled.

Wausau contends that even if the terms of the Agreement are not discoverable, the fact that Holt and Reliable entered into the Agreement is relevant.  "The parties to a joint defense agreement . . . are relevant because the *existence* of the agreement may demonstrate bias." *Biovail*

*Laboratories International SRL v. Watson Pharmaceuticals, Inc.*, No. 10-20526, 2010 WL 344187, *1 (S.D. Fla. August 10, 2010) (emphasis in original). In *Biovail*, the Florida District Court held that the joint defense agreement at issue was not relevant because it contained only boilerplate terms, but that the parties to the agreement and the date of the agreement were relevant. *Id*. at *2. Wausau seeks clarification from this court as to whether it can refer to the existence of the Agreement and the parties thereto. This is an issue that is more appropriately addressed in the context of a motion in limine. Now, therefore,

IT IS HEREBY ORDERED that Wausau's Objections to Magistrate Judge's September 6, 2018 Opinion and Order Denying Plaintiff's Motion to Compel Production of the Joint Defense Agreement are DENIED.

IT IS SO ORDERED.

Dated: October 18, 2018

                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 18, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk