UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RELIABLE TRANSPORTATION
SPECIALISTS, INC. and AMARILD
USHE,

           Plaintiffs,          CASE NO. 15-12954

vs.                                HON. GEORGE CARAM STEEH

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

           Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE AND TESTIMONY OF THE AMOUNT
OF THE JURY VERDICT AND DENYING DEFENDANT'S MOTION
IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY OF THE
ULTIMATE JUDGMENT IN THE UNDERLYING LAWSUIT [ECF NO. 181]

This matter is before the court on defendant Wausau's motion in limine for an order precluding the admission of any evidence or testimony regarding the amounts of the verdict and the ultimate judgment in the underlying state lawsuit. Wausau argues that the only relevant information regarding the verdict and judgment amounts is that they were in excess of the policy limit. According to Wausau, the amounts of the verdict and judgment are irrelevant to a determination of bad faith, which requires the fact-finder to evaluate Wausau's conduct based on the

information it possessed at the time it was evaluating Reliable's defenses in the underlying lawsuit. Therefore, the relevant period for the jury to look at is necessarily pre-verdict. Even if relevant, Wausau argues that disclosure of those amounts would be more prejudicial than probative where the jury could give such evidence undue weight.

Evidence is relevant, and therefore admissible if "it has any tendency to make a fact [that is of consequence to the determination of the action] more or less probable than it would be without the evidence." FRE 401; *Wood v. Wal-Mart Stores E, LP*, 576 F. App'x 470, 473 (6th Cir. 2014). However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403; *Ross v. Am. Red Cross*, 567 F. App'x 296, 307 (6th Cir. 2014). The district court has broad discretion in balancing the probative value against the prejudicial impact of evidence to exclude evidence already found to be relevant. *See Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

I. <u>Relevance</u>

In discussing the concept of bad faith in the context of instructing a jury in a bad faith failure to settle lawsuit, the Michigan Supreme Court

stated: "we define 'bad faith' for instructional use in trial court as arbitrary, reckless, indifferent, or intentional disregard of the interests of the person owed a duty." *Commercial Union Ins. Co. v. Liberty Mutual Ins. Co.*, 426 Mich. 127, 136 (1986). The court explained that "honest errors of judgment are not sufficient to establish bad faith," but because bad faith is a state of mind, there can be bad faith without actual dishonesty or fraud. *Id*. at 137. "If the insurer is motivated by selfish purpose or by a desire to protect its own interests at the expense of its insured's interest, bad faith exists, even though the insurer's actions were not actually dishonest or fraudulent." *Id*.

The *Commercial Union* court provided a list of twelve factors which might be relevant to consider in a given case when determining whether an insurer's conduct amounts to bad faith. The factors are not exclusive and no single factor is meant to be decisive. *Id*. One factor to be considered in deciding whether the insurer acted in bad faith is a failure to accept a reasonable compromise offer of settlement when the facts indicate obvious liability and serious injury. *Id*. at 138. Other relevant factors include "rejection of a reasonable offer of settlement within the policy limits" and "undue delay in accepting a reasonable offer to settle a potentially

dangerous case within the policy limits where the verdict potential is high." *Id.*

As the parties approached trial in this case, they took certain positions regarding the value of the case. During the trial, as different witnesses took the stand, those evaluations changed. Counsel for Mr. Holt increased his demand based in part on his assessment that the testimony was damning to the defense. In turn, counsel for Reliable and Ushe adjusted his estimates regarding the likelihood of a verdict in Holt's favor and his view regarding the potential value of the case.

Reliable argues that the jury's verdict in the underlying case does not represent hindsight, but instead confirms what every reasonable actor in the case knew to be true: Reliable and Ushe were liable for Mr. Holt's damages and his damages far exceeded the available insurance coverage. Reliable argues that the immense gap between the verdict and the coverage reflects Wausau's unreasonableness and bad faith in failing to settle because the verdict was a numeric representation of the strength of the evidence that was presented to the jury. Following the verdict, Wausau asked the Wayne County Circuit Court, the Michigan Court of Appeals and the Michigan Supreme Court to reverse or reduce the verdict, arguing it was unreasonable, and each court denied Wausau's request.

Wausau relies on *Commercial Union* to support its argument that the verdict and judgment must be excluded from this trial as to liability, relying on the court's caution given at the end of the opinion:

> In applying any factors, it is inappropriate in reviewing the conduct of the insurer to utilize "20-20 hindsight vision." The conduct under scrutiny must be considered in light of the circumstances existing at the time. A microscopic examination, years after the fact, made with the luxury of actually knowing the outcome of the original proceeding is not appropriate. It must be remembered that if bad faith exists in a given situation, it arose upon the occurrence of the acts in question; bad faith does not arise at some later date as a result of an unsuccessful day in court.

Obviously the jury's verdict was not known to Wausau before it was delivered, but the fact that the jury was hearing the evidence and would deliver a verdict was known. The verdict was the jury's assessment of the merits of the case and its value based on the evidence. The jury's verdict does not represent hindsight, but rather is evidence of a valuation of the case, based on the evidence presented in court, that has withstood post-trial scrutiny.

Allowing the jury in this case to hear the underlying verdict and judgment will assist them in understanding the value of the underlying litigation where they do not have the benefit of sitting through that trial and hearing the evidence themselves.

II. Prejudicial Effect

Wausau argues that allowing the jury to hear the amount of the verdict and judgment will inflame the jury and lead them to decide that any pretrial offer of settlement was reasonable and should have been accepted. However, the jury will hear other evidence, for example that Reliable's defense counsel was advising there was a 70% chance of the defense succeeding. Reliable's attorney also opined that the only way the accident could happen was if Mr. Holt put himself in the path of a moving truck. The jury will not receive this evidence in a vacuum, but will have all of the evidence before it to determine whether Wausau's conduct in declining to settle within policy limits was reasonable or was in bad faith. Furthermore, cautionary instructions can be given to make sure the jury does not misunderstand the way in which such evidence can be used.

The court, however, does agree with Wausau that admitting the amount of the jury's verdict, which includes an award against a co-defendant, ContainerPort Group, Inc., who is not a party to this case, as well as a finding of comparative negligence against Holt, would be confusing and more prejudicial than probative. Therefore, the court GRANTS Wausau's motion in limine to exclude evidence and testimony of the amounts of the *jury verdict* but denies Wausau's motion to exclude

evidence and testimony of the amounts of the *judgment* entered against Reliable in the underlying lawsuit.

 IT IS SO ORDERED.

Dated: February 13, 2019

        <u>s/George Caram Steeh</u>
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 13, 2019, by electronic and/or ordinary mail.

<u>s/Marcia Beauchemin</u>
Deputy Clerk