UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RELIABLE TRANSPORTATION
SPECIALISTS, INC. and AMARILD
USHE,

          Plaintiffs,         CASE NO. 15-12954

vs.                                    HON. GEORGE CARAM STEEH

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

          Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION IN LIMINE
SEEKING JUDICIAL DETERMINATION OF DAMAGES [ECF NO. 182]

This matter is before the court on defendant Wausau's motion in limine for an order providing that the court will decide the methodology to be used to determine the amount of damages recoverable in the event the jury finds Wausau liable for bad faith failure to settle. The court previously held that the collectability rule applies to limit the recoverable damages, capping such damages at the amount collectable from the insured. [Order, ECF No. 172].

Wasuau argues that there are several threshold legal determinations that must be decided by the court before any finding of damages can be made. One such issue is the proper financial accounting method to

determine Reliable's collectability, specifically whether collectability should be determined by a strict evaluation of collectable assets or whether prospective earnings as a going-concern should be considered. A second issue is whether, if prospective earnings are to be considered, the expected tax payments should be taken into account. Third, Wausau argues that the date on which collectability is to be measured is a legal issue that the court must determine.

The collectability rule is a measure of damages, and therefore a purely legal matter to be determined as a matter of law by the court. "[A]lthough the amount of recoverable damages is a question of fact, the measure of damages upon which the factual computation is based is a question of law." *Hendricks v. DSW Shoe Warehouse, Inc.*, 444 F. Supp. 2d 775, 779 (W.D. Mich. 2006).

In its order denying Wausau's motion for summary judgment, the court recognized that in determining Reliable's assets not exempt from legal process, Reliable's prospects of attaining additional assets in the future from which the judgment could be collected could be considered. The court also held that the date of the judgment was the proper date on which to measure Reliable's collectability. [Order, pp. 15-16] The court resolved these issues of law as they relate to the methodology of

calculating damages. To the extent that any further issues of law arise, the court will rule on them in due course. The court will instruct the jury on computing damages in accordance with its holdings.

IT IS SO ORDERED.

Dated: February 13, 2019

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 13, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk