UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RELIABLE TRANSPORTATION
SPECIALISTS, INC. and AMARILD
USHE,

          Plaintiffs,         CASE NO. 15-12954

vs.                                HON. GEORGE CARAM STEEH

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

          Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE REGARDING CASE EVALUATIONS [ECF NO. 183]

      This matter is before the court on defendant Wausau's motion in limine for an order precluding the admission of any evidence or testimony regarding the two case evaluations and resulting awards in the underlying litigation. Wausau argues that such evidence is irrelevant and unfairly prejudicial because case evaluation is a settlement tool and not evidence of a claim's merit or value. Wausau maintains that the evidence is particularly irrelevant to the bad faith claim in this action because the plaintiff in the underlying litigation rejected both case evaluation awards, thereby providing Wausau with no opportunity to settle the case within policy limits.

Evidence is relevant, and therefore admissible if "it has any tendency to make a fact [that is of consequence to the determination of the action] more or less probable than it would be without the evidence." FRE 401; *Wood v. Wal-Mart Stores E, LP*, 576 F. App'x 470, 473 (6th Cir. 2014). However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403; *Ross v. Am. Red Cross*, 567 F. App'x 296, 307 (6th Cir. 2014). The district court has broad discretion in balancing the probative value against the prejudicial impact of evidence to exclude evidence already found to be relevant. *See Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).

Wausau asks the court to exclude evidence or testimony at trial regarding the two Michigan case evaluations and resulting awards against plaintiff Reliable, one for $750,000 and the other for $1,000,000, in the underlying lawsuit filed by Burt Holt against Reliable and an unrelated co-defendant (the "Holt Litigation"). In its response brief, Reliable suggests it would use the case evaluation awards to demonstrate that Wausau was alerted to the fact that this was a potentially dangerous case. According to Reliable, the awards were relevant to Wausau's evaluative process.

The Michigan Court Rule governing case evaluations provides that "[s]tatements by the attorneys and the briefs or summaries are not admissible in any court or evidentiary proceeding." MCR 2.403(J)(4). Local Rule 16.3, which governs the use of alternative dispute resolution proceedings in federal court provides:

> Communications in ADR proceedings are confidential. They are not subject to discovery, are not admissible in a proceeding, and may not be disclosed to anyone other than the ADR participants unless the court permits disclosure.

Wausau maintains that these rules encompass communications regarding the acceptance or rejection of case evaluation awards.

As Wausau points out, Michigan case evaluation is limited in ways that make it inappropriate evidence of the merits or value of a case. In particular, case evaluation is conducted for a very short period of time, is not subject to the rules of evidence, does not include live testimony or cross-examination of witnesses, and allows for each party's attorney to speak separately with the panel. In addition, case evaluation is a mandatory process, where the parties are not necessarily willing participants.

Case evaluation has one purpose, and that is to encourage settlement to avoid trial. Michigan state courts have recognized that case evaluation does not establish the merits of a case. *See John J. Fannon*

- 3 -

*Co. v. Fannon Prod., LLC*, 712 N.W.2d 731, 737 n.7 (Mich. Ct. App. 2015) (finding the award did not establish the merits of the claim "given the limited information and time case evaluators have for each case, and their lack of knowledge regarding the protracted procedural history of this matter.").

Wausau argues that allowing Reliable to use the case evaluation awards as evidence of the value of the Holt Lawsuit would unfairly prejudice Wausau because it would confuse and mislead the jury and is not relevant. It would allow the jury to consider the awards that came from a process meant as a settlement tool and has been held to be inappropriate to use in determining the merits or value of a case. Wausua contends that the case evaluation awards do not tend to make its bad faith or lack of bad faith more or less probable.

In making its point, Wausau cites to the deposition testimony of Reliable's damages experts. Mr. Cooper testified that the $750,000 award was a "message" of "how catastrophic [Mr. Holt's] injuries were. It wasn't a statement on liability." (Ex. G, p. 162). In order to reflect the value of a case, the evaluation would have to take into account whether Reliable was liable for Mr. Holt's injuries.

Wausua's conduct in evaluating the Holt Litigation for purposes of its position during settlement negotiations is relevant in this bad faith case.

Wausau contends that it based its evaluation of the case on its expectation of what would happen at a trial, where the Michigan Rules of Evidence would apply, cross-examination of witnesses would take place, and jurors would be able to assess the credibility of live, sworn witnesses.

Reliable argues that Michigan law does not govern the outcome of this motion, and instead FRE 408 should control the admissibility of evidence of case evaluations. Reliable points to the exception to FRE 408 which allows evidence of settlement negotiations that are offered for "another purpose", such as where the claim is based upon some wrong that was committed in the course of the settlement discussions. FRE 408 clearly applies to settlement offers and discussions that occur during settlement negotiations. Case evaluation is not a settlement negotiation and FRE 408 does not apply to the case evaluation awards at issue in this case. The exception argued by Reliable is not applicable to this case.

Ultimately, it is unreasonable to expect the jury to understand the nuances of the Michigan case evaluation process, including its purposes and its limitations. Admitting the case evaluations into evidence would expand the proofs on an issue not properly before the jury. For these

reasons, Wausau's motion in limine to exclude evidence regarding case evaluations is GRANTED.

IT IS SO ORDERED.

Dated: February 13, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 13, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk