UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RELIABLE TRANSPORTATION
SPECIALISTS, INC. and AMARILD
USHE,

          Plaintiffs,         CASE NO. 15-12954

vs.                                HON. GEORGE CARAM STEEH

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

          Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY
JOHNSON LAW AS COUNSEL FOR RELIABLE [ECF NO. 186]

This matter is before the court on Wausau's motion to disqualify the law firm of Johnson Law, PLC ("Johnson Law") as counsel for Reliable. Johnson Law represented Burt Holt in the underlying lawsuit from October 2013 through the appeal process and continues to represent Holt with respect to his outstanding judgment against Reliable and Amarild Ushe. Although Wausau retained counsel to defend Reliable and Ushe in the underlying lawsuit, Reliable hired its own counsel, the Scopelitis firm, to monitor the case on its behalf.

On August 19, 2015, Wausau initiated this action by filing a complaint for declaratory judgment against Holt, Reliable and Ushe. Wausau sought

- 1 -

a declaration that it did not act in bad faith when it failed to settle Holt's claim within policy limits.  Reliable and Ushe were initially represented by their lawyers from the Scopelitis firm and Holt was represented by Johnson Law.  Reliable, Ushe and Holt entered into a Common Interest Confidentiality Agreement, by which they cooperate with one another during the defense of this case.  Reliable and Ushe filed counterclaims against Wausau alleging bad faith failure to settle.

After three years of litigation, Wausau moved to dismiss its complaint for declaratory judgment without prejudice and dismiss Holt from the lawsuit.  On October 17, 2018, the court granted the motion to dismiss, conditioned on Wausau paying Holt's attorney's fees incurred in defending against the declaratory judgment action.  On November 20, 2018, Wausau paid $700,000 to Johnson Law to cover Holt's attorney's fees incurred in this action.  On December 20, 2018, the court entered an order realigning the parties and amending the case caption per the parties' stipulation, recognizing the dismissal of Wausau's declaratory judgment complaint and dismissing Holt as a party.

On January 11, 2019, Reliable filed a substitution of counsel, providing notice that Johnson Law now represents Reliable through attorneys Thomas Waun and Michael Freifeld.  The Scopelitis firm

remains as counsel for Ushe.  Wausau now moves to have Johnson Law disqualified from representing Reliable, arguing they have a non-waivable conflict of interest.  One day before the date set for hearing on the motion to disqualify, the Scopelitis firm filed new appearances as co-counsel on behalf of Reliable.

A decision on a motion to disqualify counsel is a matter of discretion for the court. *Grain v. Trinity Health*, 431 Fed. Appx. 434, 445 (2011).

Michigan Rule of Professional Conduct ("MRPC") 1.7 provides:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

    (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
    (2) each client consents after consultation.

(b)   A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

    (1) the lawyer reasonably believes the representation will not be adversely affected; and
    (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Wausau argues there can be no reasonable dispute that Johnson Law's representation of Reliable and Holt raises potential conflicts of interest. Holt sued Reliable in the underlying litigation and has an outstanding judgment against Reliable which remains unsatisfied. Holt agreed to forego collection on the judgment only until this action is resolved. In the event Wausau prevails in this action, the expectation is that Holt will proceed with collection against Reliable.

Wausau provides many examples of potential conflicts of interest created by Johnson Law's representation of Reliable in this bad faith failure to settle action. Johnson Law's Ven Johnson will testify as a fact witness in the case. For instance, one subject Mr. Johnson is expected to discuss is the parties' attempts to negotiate a high-low settlement of the underlying action. Mr. Johnson will testify that Mr. Holt made a high-low settlement demand during trial with $1,250,000 as the "high," and Wausau told Reliable that it was willing to commit its full policy limit of $1,000,000 as part of that "high." Reliable, however, only agreed to offer $100,000. Wausau maintains that Johnson Law must argue that the decision by its client Reliable not to offer its other client Holt the additional $150,000 was reasonable, while then arguing on behalf of Holt that Reliable's decision not to offer the additional $150,000 was unreasonable.

A bad faith failure to settle case focuses on the state of mind of the insurance company with regard to settlement opportunities.  For this purpose, Reliable's and Holt's interests are fully aligned.  Johnson Law will not have to make the arguments described by Wausau in proving that Wausau acted in bad faith when it failed to settle the case within policy limits.  It is therefore reasonable for Johnson Law to believe that its representation of Reliable will not adversely affect its relationship with Holt.

MRPC 1.7(b) prohibits an attorney from representing a client if the representation is materially limited by the attorney's responsibilities to another client or to their own interest.  Wausau argues that Johnson Law's duty to Holt, as well as its own interest in its attorney fee, materially limit its representation of Reliable.  There is no evidence in this case that leads the court to question whether Johnson Law is putting its own financial interests above those of its client.  In addition, the Scopelitis firm can provide Reliable with protection from any perceived limitation on Johnson Law's representation due to its duty to Holt.

Wausau raises another conflict due to the fact that damages against Wausau are limited to Reliable's collectability.  For purposes of litigating that issue, Reliable may share privileged information with its counsel pertaining to its assets not exempt from process.  However, Reliable

would want to protect that information from Holt in the context of Holt's future efforts to collect the judgment from Reliable.  The interests of Holt and Reliable might be aligned as to Wausau, but Wausau argues there is a conflict of interest between the two that cannot be waived.

Certainly the same lawyer or law firm could not represent both Holt and Reliable in an action between those two parties.  The pending case is not one between those two parties.  Johnson Law and the Scopelitis firm are both of the opinion that Johnson Law's representation of Holt will not adversely affect its ability to represent Reliable in this action between Reliable and Wausau.  The court is not convinced that this opinion is not reasonably held.  Reliable may waive any conflict of interest after consultation.

Wausua next argues that Johnson Law must be disqualified pursuant to MRPC 3.7 which prohibits a lawyer from acting as advocate in a trial when another lawyer in the same firm is likely to be called as a witness and there is a conflict under MRPC 1.7.  MRPC 3.7(b) states:

> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

The purpose of MRPC 3.7 "is to prevent any problems that would arise from a lawyer having to argue the credibility and effect of his own

testimony, to prevent prejudice to the opposing party that might arise therefrom, and to prevent prejudice to the client if the lawyer is called as an adverse witness." *Lansing Parkview, LLC v. K2M Grp., LLC*, No. 338284, 2018 WL 5276552, at *8 (Mich. Ct. App. Oct. 23, 2018) (citation omitted).

MRPC 3.7 permits attorneys Waun and Freifeld to appear at trial for Reliable where Ven Johnson is likely to be called as a witness, unless Mr. Johnson's testimony is precluded due to a conflict of interest. Wausau contends that this is the case where attorney Johnson is expected to testify about his personal knowledge of the events that took place in the underlying action when he served as Holt's lawyer. However, a conflict under MRPC 1.7 has been waived, so Johnson Law is not disqualified regardless of whether Ven Johnson testifies as a witness at trial.

Finally, Wausau contends that it will not be able to negotiate a settlement of the bad faith litigation if Johnson Law is representing both Holt and Reliable. Wausau's inability to negotiate a settlement is not directly related to Johnson Law's involvement, nor is it a reason to prevent a party from hiring the representation of its choosing.

A conflict of interest can be knowingly waived under MRPC 1.7(a) and (b). When Johnson Law agreed to represent Reliable, Mr. Holt and Kevin Lhotak, President of Reliable, signed forms acknowledging and

authorizing representation and waiving any potential conflicts of interest that could arise. Reliable was and is represented by the Scopelitis firm, and that law firm represents it does not believe Reliable will be adversely affected by Johnson Law's representation of both Reliable and Holt.

As an additional reason to disqualify Johnson Law from representing Reliable, Wausau argues that such action is a blatant effort to avoid the effect of the court's dismissal order. If Johnson Law is allowed to remain in the case as counsel for Reliable, Wausau argues that the court should revise the dismissal order and order reimbursement of the attorney's fees paid by Wausau. Federal Rule of Civil Procedure 54(b) permits a court to revise any order that adjudicates fewer than all claims, that is it may reopen any part of a case before entry of final judgment. It may do so to correct a clear error or prevent manifest injustice within the discretion of the court. *Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018) (citation omitted).

Holt's interest in the outcome of this litigation is the same regardless of who represents Reliable at trial. Second, the court's award of costs and fees to Mr. Holt was meant to cure any prejudice to Holt from having to expend effort and expense in engaging in discovery and litigation as a party. The fact that Johnson Law now represents Reliable does not

eliminate the fact that Holt incurred attorney fees because Wausau named him as a defendant.

The court finds that to the extent Johnson Law's representation of Reliable results in a conflict of interest, it is a waivable conflict that has been waived by Reliable after consultation with counsel. Now, therefore,

IT IS HEREBY ORDERED that defendant's motion to disqualify Johnson Law as counsel for Reliable is DENIED.

IT IS SO ORDERED.


Dated: February 13, 2019

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 13, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk