UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RELIABLE TRANSPORTATION
SPECIALISTS, INC. and AMARILD
USHE,

        Plaintiffs,        CASE NO. 15-12954

vs.        HON. GEORGE CARAM STEEH

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

        Defendant.
_____/

ORDER CONDITIONALLY GRANTING PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE REGARDING BURT HOLT'S RECOVERY FROM CONTAINERPORT AND DENYING MOTION TO EXCLUDE EVIDENCE OF JOHNSON LAW'S CONTINGENCY FEE INTEREST [ECF NO. 205]

This matter is before the court on plaintiffs' motion in limine seeking to exclude evidence regarding Burt Holt's recovery from Containerport Group ("Containerport") in the Holt Litigation. Plaintiffs also seek to exclude evidence regarding the fact that Johnson Law handled the Holt Litigation on behalf of Mr. Holt under a traditional one-third contingency agreement.

I.

The ultimate judgment entered against Containerport in the underlying case was $6,919,165.13.  Burt Holt resolved his claims against Containerport while the underlying case was on appeal.  The settlement is subject to a confidentiality agreement.  Plaintiffs seek an order prohibiting defendant from eliciting any evidence regarding the amount recovered from Containerport because such evidence is not relevant and is subject to a confidentiality agreement.

Defendant is concerned that plaintiffs will inform the jury that Holt is impoverished while he waits for this dispute to be resolved in order to elicit sympathy for Mr. Holt.  FRE 408 makes settlement communications inadmissible to prove or disprove the validity or amount of a disputed claim, but the "occurrence of settlement talks" and the "settlement agreement itself" may be admissible for other purposes.  *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003).  This is true even if the settlement agreement is deemed confidential.  *Id.* at 982.

The Containerport settlement may be relevant to rebut an attempt by plaintiffs to evoke sympathy for Holt by portraying him as impoverished while severely injured and awaiting the outcome of this litigation.  Plaintiffs

have stated they do not intend to argue or elicit evidence that Mr. Holt is destitute. Therefore, the court conditionally GRANTS plaintiffs' motion to exclude evidence of Holt's recovery from Containerport.

II.

Defendant next argues that the evidence of Johnson Law's contingent fee agreement is relevant to assess the bias of witness Ven Johnson. "The bias of a witness is 'always relevant' in discrediting the witness and affecting the weight of the testimony." *Eakes v. Sexton*, 592 F. App'x 422, 428 (6th Cir. 2014) (citation omitted). Holt holds an outstanding judgment against Reliable, which Reliable now seeks to recover from Wausau in the current action. Johnson Law represented Mr. Holt in the underlying lawsuit "under a traditional one-third contingency agreement." (Doc. #205, Reliable's Motion, PageId.6470). Ven Johnson, of Johnson Law, has been identified as a witness for Reliable and is expected to testify regarding his account of the settlement negotiations and trial in the underlying lawsuit. Mr. Johnson has a direct financial interest in the outcome of this case because any recovery against Wausau will be paid to Holt and Johnson will be paid as a result pursuant to his contingency agreement. The evidence of Johnson Law's contingency agreement is relevant to the potential bias of Mr. Johnson as a witness.

Plaintiff's motion in limine to exclude evidence of Johnson Law's contingency fee interest is DENIED.[1]

IT IS SO ORDERED.

Dated: April 2, 2019

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 2, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

[1] The court's rulings on motions in limine made prior to trial are preliminary based on proffers presented by counsel. The rulings are subject to change if warranted by the facts as they develop at trial. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), aff'd, 469 U.S. 38 (1984)). In addition, rulings on motions in limine are subject to appropriate objections at trial.