UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RELIABLE TRANSPORTATION
SPECIALISTS, INC. and AMARILD
USHE,

            Plaintiffs,            CASE NO. 15-12954

vs.                                    HON. GEORGE CARAM STEEH

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

            Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE
EVIDENCE OF PLAINTIFFS' ATTORNEY FEES [ECF NO. 208]

I.

Wausau seeks to exclude evidence of the attorney fees Reliable has incurred in litigating this bad faith breach of insurance contract case. Under the American Rule, attorney fees are only recoverable if authorized by statute, court rule or a recognized exception. The rule is intended to be a limitation upon the recovery of attorney fees incurred as a foreseeable result of an insurer's breach of a contract to provide coverage. *Burnside v. State Farm*, 528 NW2d 749, 752 (Mich App 1995) ("The American rule stands as a barrier to the recovery, as consequential damages, of

foreseeable counsel fees incurred in enforcing remedies for the breach. The rule has been part of the jurisprudence of this country for nearly 200 years").

In its counter-complaint Reliable states: "As a direct and proximate result of Wausau's breach of contract and duty to deal in good faith, Reliable is entitled to recover for their economic losses, including any damaged credit, financial ruin and attorney fees incurred in defending this lawsuit." Reliable clarifies that it is only seeking attorney fees it incurred in *defending* the declaratory judgment action brought by Wausau as opposed to attorney fees incurred in its affirmative breach of contract action against Wausau.

Both parties cite to *Tibble v. American Physicians Capital, Inc.*, No. 306964, 2014 WL 5462573 (Mich. Ct. App. Oct 28, 2014). *Tibble* was a bad faith failure to settle case in which the insured received an award of certain attorney fees as an element of its damages. However, those fees were incurred to pursue an appeal in the underlying case and for the insured's bankruptcy filing that resulted from the insured's bad faith failure to settle. *Id*. at *6. In *Tibble*, the insurer "ultimately chose not to appeal" the underlying judgment against the insured. The insured therefore hired its own attorney to pursue the underlying appeal and requested

reimbursement of those attorney fees. The insured did not receive any attorney fees incurred in litigating the separate bad faith action.

The court finds that plaintiffs are not entitled to recover attorney fees as an element of damages, including those incurred in defending defendant's declaratory judgment action.

II.

Reliable argues that even if the attorney fees are not separately recoverable as an element of damages, evidence that Reliable was able to pay $25,000 per month in attorney fees over three years in defending itself against Wausau's declaratory judgment action is relevant to the issue of its collectability. In general, Reliable's collectability is to be determined on the date of the judgment. Therefore, payments for attorney fees after that date are not relevant. However, the court has ruled that Reliable's future ability to make payments on the judgment may be considered. Reliable can demonstrate its collectability in the future by presenting evidence of its earnings. While attorney fees impact the earnings calculation, given that they are not recoverable as an element of damages, reference to fees will be a distraction to the issues before the jury and prejudicial to defendant.

Reliable remains able to demonstrate its collectability without identifying the attorney fee component of its expenses as such.

Defendant's motion to exclude evidence of Reliable's attorney fees is GRANTED.[1]

IT IS SO ORDERED.

Dated: April 2, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 2, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

[1] The court's rulings on motions in limine made prior to trial are preliminary based on proffers presented by counsel. The rulings are subject to change if warranted by the facts as they develop at trial. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), aff'd, 469 U.S. 38 (1984)). In addition, rulings on motions in limine are subject to appropriate objections at trial.

- 4 -