UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RELIABLE TRANSPORTATION
SPECIALISTS, INC. and AMARILD
USHE,

          Plaintiffs,         CASE NO. 15-12954

vs.                              HON. GEORGE CARAM STEEH

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

          Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EXPERT
WITNESS DAVID J. COOPER REGARDING WHETHER WAUSAU'S
CONDUCT MET THE STANDARD FOR BAD FAITH [ECF NO. 209]

Plaintiffs have designated David Cooper as an expert regarding whether Wausau's conduct amounted to bad faith under Michigan law. Specifically, plaintiffs maintain that Mr. Cooper's experience as an insurance defense attorney will assist the jury in understanding the *Commercial Union* factors they will be asked to consider in deciding whether Wausau acted in bad faith. Wausau moves to exclude Mr. Cooper as an expert because he does not have the requisite experience or knowledge to offer an expert opinion with respect to an insurance

company's analysis and decision-making on a claim. Wausau additionally argues that Mr. Cooper's testimony is needlessly cumulative of the evidence being offered by Reliable's other bad faith expert.

There are three requirements that must be satisfied before a proposed expert's opinion is admissible under Federal Rule of Evidence 702. First, the witness must be qualified by knowledge, skill, experience, training or education. Second, the testimony must be relevant, meaning that it will assist the trier of fact in understanding the evidence or determining a fact in issue. Third, the testimony must be reliable. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008).

Mr. Cooper relies on his experience as a defense attorney to be qualified as an expert. The advisory committee notes to the 2000 amendments state that in such instances, "the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion and how that experience is reliably applied to the facts . . . ." Reliable provides Mr. Cooper's Affidavit and curriculum vitae to show where Cooper gained his relevant experience. Cooper summarizes his "extensive experience as an insurance company-retained defense attorney handling tort matters throughout Michigan . . . ." He tried many cases, settled more cases, and supervised an even larger number of

cases handled by attorneys in his firm. He has been retained to monitor litigation undertaken by the primary insurance carrier to determine whether it was negotiating in good faith. In addition, he has lectured on the issue of bad faith and testified as an expert in bad faith litigation.

In seeking to exclude Cooper as an expert witness, Wausau contends that Cooper has no claims-handling experience and no decision-making role at an insurance company. Because the conduct to be evaluated in this case is that of an insurance company, Wausau argues that the fact Cooper spent most of his career as an insurance defense attorney does not qualify him to testify as an expert. The court finds that Cooper's experience as an insurance defense attorney does qualify him to testify on the issue of bad faith. Of course, Wausau will be able to cross-examine Mr. Cooper on his professional experience, which goes to the weight of his testimony.

The court finds that Mr. Cooper's proposed testimony is relevant to the issue of whether Wausau was reckless and indifferent to its insured. Wausau objects that Cooper's testimony will be cumulative to that of plaintiffs' other expert, Jeffrey Posner. Mr. Posner appears to be offered as an expert witness to provide a different perspective to the jury based on

his experience in the insurance industry. At this point, the testimony of the two experts does not appear to be cumulative.

Defendants' motion to exclude expert witness Cooper regarding whether Wausau's conduct met the standard of bad faith is DENIED.[1]

IT IS SO ORDERED.

Dated: April 2, 2019

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 2, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

[1] The court's rulings on motions in limine made prior to trial are preliminary based on proffers presented by counsel. The rulings are subject to change if warranted by the facts as they develop at trial. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), aff'd, 469 U.S. 38 (1984)). In addition, rulings on motions in limine are subject to appropriate objections at trial.