UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RELIABLE TRANSPORTATION
SPECIALISTS, INC. and AMARILD
USHE,

        Plaintiffs,        CASE NO. 15-12954

vs.        HON. GEORGE CARAM STEEH

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

        Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE
EVIDENCE AND TESTIMONY OF RELIABLE'S ALLEGED LOST
PROFITS AND/OR LOST BUSINESS OPPORTUNITY [ECF NO. 210]

    Wausau seeks to prevent Reliable from presenting evidence of lost profits or lost business opportunity because of Wausau's alleged bad faith. Wausau's motion is based on the fact that Reliable failed to claim such damages in its Rule 26(a)(1) initial disclosure and has not provided the basis for calculating such damages at any time. Rather, just three weeks before trial was scheduled to start on February 25, 2019, Reliable stated in the Joint Final Pretrial Order that it is entitled to $2 million for lost profits

- 1 -

and/or lost business opportunity without any data or expert opinion to substantiate its request.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires that "a party must, without awaiting a discovery request, provide to the other party: . . . a computation of each category of damages claimed by the disclosing party . . . [as well as] the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Rule 26(e) further provides that parties are required to supplement their disclosures. The consequence for failing to disclose damages and the basis for their computation is addressed in Fed.R.Civ.P. 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Reliable tacitly admits that it did not comply with Rule 26(a) in failing to disclose lost profits and/or lost business opportunity damages until the eve of trial. Reliable argues excusable neglect because it made its damage disclosures before it filed its amended counterclaim which pled the lost profits and/or lost business opportunity damages. At a minimum, this

explanation ignores the fact that Reliable also failed to supplement its disclosures, as required under Rule 26(e).

The court finds there is no justification for Reliable failing to include those damages in their initial or supplemental disclosures. Therefore, evidence of Reliable's alleged lost profits and lost opportunity damages is excluded from trial in this matter under Rule 37(c)(1). The same reasoning applies to exclude evidence relating to Reliable's alleged damaged credit and financial ruin damages.

Defendant's motion to exclude evidence and testimony of Reliable's alleged lost profits and/or lost business opportunity is GRANTED.

Dated: April 2, 2019

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 2, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk