UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RELIABLE TRANSPORTATION
SPECIALISTS, INC. and AMARILD
USHE,

        Plaintiffs,        CASE NO. 15-12954

vs.        HON. GEORGE CARAM STEEH

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

        Defendant.
_____/

ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE
TO EXCLUDE EVIDENCE AND TESTIMONY THAT RELIABLE
WAS UNDERINSURED [ECF NO. 206] AND GRANTING
DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
AND TESTIMONY THAT WAUSAU FAILED TO ADVISE
RELIABLE ON THE ADEQUACY OF ITS INSURANCE [ECF NO. 207]

This matter comes before the court on motions filed by both sides regarding the adequacy of insurance Reliable procured from Wausau. The motions are basically mirror images of each other and will be considered together by the court. Reliable argues that Wausau should be precluded from suggesting that Reliable was underinsured at the time Holt was injured in the underlying accident. Wausau argues that plaintiffs

should be precluded from arguing that Wausau failed to advise Reliable regarding the adequacy of its policy limit or the need for excess insurance.

The parties principally agree that neither side should be permitted to introduce any evidence or argument that:

> [1] Reliable had a duty to obtain or maintain auto liability insurance coverage in excess of $1,000,000, [2] that Reliable was underinsured at the time of the underlying accident, [3] that Reliable was somehow negligent for not possessing auto liability insurance coverage in excess of $1,000,000, or [4] that Wausau had any duty to advise Reliable to obtain or maintain auto liability insurance coverage in excess of $1,000,000 or that Reliable's $1,000,000 policy limit was inadequate.

The court agrees with these limitations on the admissible evidence and adopts the statement as part of its ruling on the two motions.

The parties were unable to reach an agreement on their own because of Wausau's stated intention of characterizing Reliable's participation in a high/low settlement negotiation as evidence of its concern as a self-insurer as to an excess verdict. During a break in the trial of the underlying case, Mr. Holt proposed a full settlement under the high/low framework for $1.25 million as the high and $800,000 as the low. Wausau committed to contribute $1 million, and told Reliable, as its own self-insurer above the $1 million policy limit, it should consider whether to contribute $250,000 toward the settlement amount. Wausau also agreed to Reliable's request that Reliable "shall maintain all rights against [Wausau], and Reliable is not

waiving any rights by agreeing to the high/low agreement." In the end, Reliable only agreed to contribute no more than $100,000 to the high, leaving a shortfall of $150,000 from Holt's settlement demand.

Reliable pointed out at oral argument that for an entity to be a "self-insurer," it must engage in a process set out by statute, which requires government approval. From the arguments presented to the court, it does not appear that Wausau intends to describe Reliable as a self-insurer as a legal term of art, with obligations and protections that derive from the statute referred to by Reliable's counsel. When Reliable purchased an insurance policy for $1 million it understood that it would not have coverage for any liability incurred over that amount. Wausau wants to explore how that risk influenced Reliable in its participation in the high/low negotiations. Reliable's argument to the contrary was not briefed, but it is a topic that could be explored on cross-examination if a witness describes Reliable as self-insured in a way that Reliable believes is inaccurate. The court finds that Wausau can make its argument so long as it does so without violating the above-quoted language restricting certain evidence at trial.

Wausau also discloses that it may argue another feature of the impact of Reliable's exposure on an excess verdict. Specifically, Wausau focuses on Reliable's refusal to cap its potential exposure at an amount

more than $100,000, in response to Holt's proposal of a $1.25 million "high" offer. Wausau claims this refusal is admissible and relevant under the doctrine of avoidable consequences. Michigan law holds that in a breach of contract case, "it is incumbent upon the [non-breaching, injured party] to use such means as are reasonable under the circumstances to avoid or minimize the damages. The person wronged cannot recover for any item of damage which could thus have been avoided." *Braverman v. Granger*, 303 Mich. App. 587, 597-98 (2014) (citations omitted). Wausau states that it will not argue that Reliable had a duty to obtain excess coverage or was comparatively negligent for failing to do so. Instead, Wausau may assert that Reliable failed to minimize its damages by refusing to contribute up to $250,000 as the "high" in the proposed high/low settlement, in the context where Wausau agreed to contribute its full $1 million policy limit and agreed that Reliable would not waive any claims against Wausau by doing so. Wausau maintains it should be able to argue that if the jury finds it acted in bad faith, it is not liable for any amount of the resulting excess judgment beyond the $250,000 contribution which would have capped Reliable's exposure at that amount. If the evidence at trial supports Wausau's argument, the court is inclined to instruct the jury on the doctrine of avoidable consequences.

Plaintiffs' motion in limine to exclude evidence and testimony that Reliable was underinsured is GRANTED. Defendant's motion in limine to exclude evidence and testimony that Wausau failed to advise Reliable on the adequacy of its insurance is GRANTED.[1]

IT IS SO ORDERED.

Dated: April 4, 2019

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 4, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

[1] The court's rulings on motions in limine made prior to trial are preliminary based on proffers presented by counsel. The rulings are subject to change if warranted by the facts as they develop at trial. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), aff'd, 469 U.S. 38 (1984)). In addition, rulings on motions in limine are subject to appropriate objections at trial.