UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RELIABLE TRANSPORTATION
SPECIALISTS, INC. and AMARILD
USHE,

        Plaintiffs,        CASE NO. 15-12954

vs.        HON. GEORGE CARAM STEEH

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

        Defendant.
_____/

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO EXCLUDE JUDGE
MACDONALD'S TESTIMONY AND RULE 26(b)(2)(C)
WITNESS TESTIMONY REGARDING BAD FAITH [ECF NO. 211]

This matter comes before the court on Wausau's motion in limine to exclude Judge MacDonald's testimony in its entirety and to exclude plaintiffs' Rule 26(b)(2)(C) hybrid witness testimony regarding bad faith. For the reasons set forth, Judge MacDonald's opinion testimony is excluded and the fact testimony of Judge MacDonald, as well as Ven Johnson's and Thomas Schulte's testimony, is limited as described.

I.

Wausau moves to exclude retired Judge Kathleen MacDonald as both a fact and an opinion witness because her testimony would be unfairly prejudicial and cumulative. Wausau argues that the jury is likely to give her testimony undue weight merely because she was a judge, and any probative value of her testimony is substantially outweighed by the likelihood of unfair prejudice under FRE 403.

Judge MacDonald presided over the underlying litigation and, if permitted, will testify to the facts involving three settlement conferences she held before and during trial; the facts of the underlying litigation and trial; that Mr. Holt, Reliable and Mr. Ushe were ready to settle within policy limits multiple times; and her opinions formed during the case, including that Wausau was reckless and indifferent toward its insureds.

One area of MacDonald's proposed testimony is of particular concern to both parties. Judge MacDonald is expected to testify that at the May 21, 2015 settlement conference, which took place during the underlying trial, she indicated to Mr. Joslin, insured Reliable's attorney, that plaintiff Mr. Holt would accept the policy limits to settle the case. Plaintiffs contend that they will be severely prejudiced if this testimony is excluded because

the jury will be presented with Mr. Joslin's testimony that he does not recall having this conversation with Judge MacDonald.

Wausau argues that MacDonald's conversation with Reliable's defense counsel is not relevant to the issue of Wausau's bad faith. The issue in this litigation is Wausau's conduct, based on the information known to it at the time. Therefore, the relevant evidence is what Mr. Joslin communicated to Wausau after he spoke to MacDonald, not what MacDonald might have told Joslin.

FRE 605 and MRE 605 prohibit a judge from testifying at trial in the case over which the judge is presiding. Wausau contends that it would be only slightly less prejudicial to have Judge MacDonald testify in this case. Wausau cites to cases from other states for the proposition that it is prejudicial for a judge to express her opinion as a witness about events that occurred in an earlier trial over which she presided. *Merritt v. Reserve Ins. Co.*, 34 Cal. App. 3d 858 (Cal. Ct. App. 1973) (bad faith failure to settle case); *see also Aetna Cas. & Sur. Co. v. Price*, 146 S.E.2d 220, 227 (Va. 1966) (testimony of trial court judges in underlying action regarding parties' settlement discussions was inadmissible and prejudicial in subsequent bad faith failure to settle action); *Joachim v. Chambers*, 815 S.W.2d 234, 238-39 (Tex. 1991) ("The risk of such appearance of impropriety extends

beyond the particular case in which the judge testifies. Not only are jurors likely to be influenced in their decision by the testimony of a judge on one party's behalf, they will see a judge appearing to take sides. The entrance of a judge into the litigation arena in aid of a combatant impacts not only the outcome of that conflict but the very idea of judicial impartiality.").

Plaintiffs cite to a legal malpractice case where the court permitted the testimony of the trial court judge who presided over the underlying employment dispute. *Sansone v. Garvey, Schubert &* Barer, 71 P.3d 124 (Or. Ct. App. 2003). The court upheld the trial court's decision to permit the judge to testify as to her factual observations of the witnesses at the underlying trial as well as to her opinions she communicated to the trial attorneys during settlement negotiations "because those qualified as 'facts' pertaining to what the trial attorneys knew and when they knew it." *Id.* at 132. The court noted that the trial court "took particular care in instructing the jury so that it would understand that Judge Rosenblum was testifying as a witness, not as a judge." *Id.* at 133. The court concluded that the trial court properly exercised its discretion in managing the judge's testimony.

Finally, Wausau points out that Judge MacDonald does not accurately recall some of the details of the case and was not involved in many of the key events. For example, at her deposition, she incorrectly

testified that Wausau offered $750,000 to settle during the first pretrial conference; that Holt would have "always" taken $1,000,000 to settle before trial; and that Wausau never offered its $1,000,000 policy limit. MacDonald dep., p. 12-13, 18, 30-31. MacDonald was not aware of many of Wausau's settlement offers made to Holt, and she was not aware of the extensive high-low settlement negotiations. *Id.* at 18, 28-29.

The court agrees with those courts that have recognized the inherent prejudice in having a judge testify as an opinion witness regarding a case they presided over. The court also has concerns regarding the foundation for any opinions Judge MacDonald formed as to Wausau's bad faith. While Judge MacDonald was witness to the evidence presented at trial, and engaged in three settlement conferences, she was not privy to all the settlement negotiations engaged in by the parties. Given that she was not aware of the entire settlement history, the court finds that the probative value of Judge MacDonald's opinion, specifically that Wausau was reckless and indifferent toward Reliable in its settlement positions taken in the underlying litigation, is substantially outweighed by the danger of unfair prejudice. Pursuant to Rule 403, the court grants defendant's motion in limine to exclude the opinion testimony of Judge MacDonald.

Defendant also seeks to exclude Judge MacDonald's fact testimony. The court has concerns about the relevance of such testimony. Judge MacDonald's impressions of the strengths and weaknesses of the underlying litigation in relation to Wausau's settlement decisions are only relevant if they were communicated to Wausau. For example, MacDonald testified at her deposition that she told Mr. Joslin, "I can't believe you're going to continue with this. Are you going to make an offer? . . . If you get me the million I'll make sure that Mr. Johnson takes it." MacDonald dep., p. 17. The jury will be asked to consider if Wausau failed to consider a reasonable settlement demand when the facts of the case indicate obvious liability and serious injury. The fact that MacDonald might have shared her assessment of the evidence and settlement value with Mr. Joslin, however, is not relevant unless either she or Joslin communicated her opinions to Wausau. Otherwise, permitting MacDonald's fact testimony has a significant risk of confusing the jury.

Plaintiffs will have to lay an appropriate foundation as to any fact testimony they seek to elicit from Judge MacDonald. If they can establish relevance, the court believes that Judge MacDonald's proposed fact testimony presents much less danger of unfair prejudice than does her opinion testimony. The court can further minimize any prejudice by

instructing the jury that they are to consider MacDonald's testimony as they would any witness and not to give her testimony more weight merely because she was a judge. Therefore, the court denies defendant's motion to exclude Judge MacDonald's fact testimony, subject to the limitations described.

II.

Wausau next moves to exclude the opinion testimony of witnesses identified by plaintiffs as hybrid experts under Rule 26(a)(2)(C).[1] The remaining witnesses in this category are: (1) Ven Johnson, counsel for Mr. Holt in the underlying lawsuit and (2) Thomas Schulte, personal counsel for Reliable.

Mr. Johnson is expected to testify as to his analysis regarding liability, damages and settlement; negotiations prior to and during trial; that Wausau had the opportunity to settle within policy limits twice prior to trial and additional times during trial; that Wausau put its own financial interest in

---

[1] The court has already addressed Judge MacDonald's testimony and held that she will be excluded from testifying as an opinion witness and limited in her testimony as a fact witness. In their response brief, plaintiffs clarified they will not call attorneys Lynch or Batalucco to give an opinion on bad faith.

front of Reliable's interests; and that Wausau's conduct in failing to accept a reasonable settlement offer was reckless and indifferent to its insured.

Mr. Schulte is expected to testify to the same subjects as Mr. Johnson. In addition, he will testify that Wausau failed to provide Terrence Lynch and Michael Batalucco's recommendations pertaining to liability, damages and settlement to Mr. Ushe and Reliable.

Wausau previously filed a motion to strike the hybrid witnesses from testifying as experts pursuant to Rule 26(a)(2)(C). This court referred the matter to Magistrate Judge Stafford, who held a hearing and denied the motion, but allowed Wausau to reclassify its own fact witnesses as experts as well, allowed the parties to reopen discovery to depose any lay witnesses also identified as experts, and extended expert discovery for 60 days. Wausau objected to that order and this court denied the objections and affirmed the Magistrate Judge's opinion and order. Wausau reclassified nine of its lay witnesses as hybrid witnesses. Wausau also deposed Mr. Johnson and Mr. Schulte as to their qualifications and expected expert testimony.

Hybrid witnesses are governed by Rule 26(a)(2)(C) and are not required to provide a written report for those opinions within the scope of

their personal involvement in the matter. In its motion in limine, Wausau argues that under Rule 26(a)(2)(C), Reliable's hybrid witnesses should be limited to testifying regarding their experience with the underlying litigation and not be permitted to draw conclusions based on an analysis conducted after-the-fact. Therefore, Wausau contends that these witnesses should be precluded from testifying as expert witnesses regarding whether Wausau's conduct was bad faith because they are not qualified to testify as insurance bad faith experts and because they formed their opinions after-the-fact with the benefit of new information learned through the bad faith litigation.

Wausau points to Mr. Johnson's deposition testimony regarding the basis for his opinion that Wausau committed bad faith. In part, he relies on "the testimony of Mr. Lynch in this case [,] before you ask[] I have not reviewed, but I have discussed with Mr. Waun." (Johnson dep. p. 42) Wausau argues that where Johnson's opinion about Wausau's bad faith in the Holt Litigation is based in part on his understanding of Mr. Lynch's deposition testimony from this action, it has been formed "after-the-fact" and should not be permitted.

Similarly, Mr. Schulte testified at his deposition with respect to the basis of his opinions that "there w[ere] certain things that I've learned post

that I'm aware of, so to that extent, I mean, yes, but I haven't looked at any transcripts." (Schulte dep., p. 42). Regarding his opinion "that Wausau put its own financial interests in front of Reliable's interests," Mr. Schulte testified in part:

> … and I didn't know this at the time, so this is something I learned **after the fact** was that Mr. Lynch and Mr. Batalucco's opinions were not provided to Mr. Ushe, Reliable or myself as monitoring counsel during the underlying litigation...

*Id.* at p. 53 (emphasis added). Wausau agrees that Mr. Schulte can testify that he was or was not told something, because that is information he would have been aware of at the time. However, Wausau maintains that Schulte should not be permitted to testify that Wausau acted in bad faith because it failed to keep the insured fully informed of all developments in the claim or suit that could reasonably affect the interests of the insureds if that is something he did not know at the relevant time.

Wausau concedes that Johnson and Schultz should be permitted to give their opinions about the strengths and weaknesses of the claims in the underlying litigation, formed at the time they were involved in that action. Similarly, they should be allowed to testify about their impressions of the settlement negotiations formed at the time. However, Wausau argues the line must be drawn to exclude after-the-fact opinions about Wausau's

conduct formed with the benefit of 20/20 hindsight, knowing the outcome of the underlying litigation, and based upon reviewing and learning new facts through this action.

The parties appear to agree that the hybrid witnesses must limit their testimony to facts within their personal knowledge and the opinions they formed at the time of their involvement in the underlying litigation. The disagreement concerns whether the hybrid witnesses are qualified by their experience to explain their opinions to the jury. Wausau argues that the witnesses must have expertise in the insurance industry to testify on the subject of bad faith. Plaintiffs respond that Johnson and Schultz have expertise as tort trial lawyers and should be permitted to use their professional experience to explain their opinions to the jury.

Plaintiffs cite to cases involving hybrid experts who had ground-level involvement in the subject of the litigation and were permitted to give opinions based on their existing knowledge and experience in their fields. *See Deere & Co. v. FIMCO Inc.*, 239 F. Supp. 3d 964, 981 (W.D. Ky 2017) (agricultural equipment); *Downy v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011) (bed bug exterminator). The courts limited the opinions of the hybrid experts in these cases to opinions formed within

conduct formed with the benefit of 20/20 hindsight, knowing the outcome of the underlying litigation, and based upon reviewing and learning new facts through this action.

The parties appear to agree that the hybrid witnesses must limit their testimony to facts within their personal knowledge and the opinions they formed at the time of their involvement in the underlying litigation. The disagreement concerns whether the hybrid witnesses are qualified by their experience to explain their opinions to the jury. Wausau argues that the witnesses must have expertise in the insurance industry to testify on the subject of bad faith. Plaintiffs respond that Johnson and Schultz have expertise as tort trial lawyers and should be permitted to use their professional experience to explain their opinions to the jury.

Plaintiffs cite to cases involving hybrid experts who had ground-level involvement in the subject of the litigation and were permitted to give opinions based on their existing knowledge and experience in their fields. *See Deere & Co. v. FIMCO Inc.*, 239 F. Supp. 3d 964, 981 (W.D. Ky 2017) (agricultural equipment); *Downy v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011) (bed bug exterminator). The courts limited the opinions of the hybrid experts in these cases to opinions formed within

the scope of their involvement and were not formed with information learned after-the-fact.

Another case cited by plaintiffs is *Neal v. Farmers Ins. Exchange*, 21 Cal. 3d 910 (Cal. 1978). In that case the trial court permitted two attorneys, one of whom was plaintiff's attorney in the underlying matter, to testify as experts on the subject of defendant's bad faith. The matter of the admission of expert evidence is one within the sound discretion of the trial court and the court in *Neal* upheld the trial court's decision, finding no abuse of discretion:

> We can conceive of many ways in which a lay jury, in assessing the conduct and motives of an insurance company in denying coverage under its policy, could benefit from the opinion of one who, by profession and experience, was peculiarly equipped to evaluate such matters in the context of similar disputes. Moreover, the jury was specifically instructed that it was not bound by the opinions of such witnesses but should give such opinions the weight to which they thought them entitled in view of the qualifications and credibility of the witnesses and the reasons given by them in support of their opinions.

*Id.* at 924.

The testimony elicited from Johnson and Schultz will likely focus on the *Commercial Union* factors that the jury will be asked to analyze. The court finds that the witnesses' experience as tort trial lawyers qualifies them to analyze what occurred in the underlying litigation and explain and opine

why it might qualify as bad faith. The court believes such testimony will be helpful to the jury and will permit Johnson and Schultz to testify as hybrid experts pursuant to Rule 26(a)(2)(C). This includes giving testimony regarding an insurer's duties under an insurance policy and the bad faith standard under Michigan law, and ultimately whether Wausau's conduct satisfies the standard of bad faith under Michigan law. Consistent with this opinion, the court will strictly limit the witnesses' opinion testimony to those opinions formed within the scope of their involvement in the underlying litigation and not allow opinions based on information learned after-the-fact.

IT IS SO ORDERED.

Dated: April 10, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 10, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk