UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RELIABLE TRANSPORTATION
SPECIALISTS, INC. and AMARILD
USHE,

                Plaintiffs,            CASE NO. 15-12954

vs.                              HON. GEORGE CARAM STEEH

WAUSAU UNDERWRITERS
INSURANCE COMPANY,

                Defendant.
_____/


ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF
THE COURT'S ORDER GRANTING DEFENDANT'S MOTION IN LIMINE
TO PRECLUDE EVIDENCE OF CASE EVALUATION [ECF NO. 228]

       This matter is before the court on plaintiffs' motion for reconsideration

of the court's order granting defendant's motion in limine to preclude the

admission of any evidence or testimony regarding the two case evaluations

and resulting awards in the underlying litigation.  Plaintiffs previously

argued that the case evaluation awards are relevant in this bad faith failure

to settle case because they alerted defendant to the fact that this was a

potentially dangerous case that should settle for policy limits.  The court

concluded that evidence of the case evaluations is not relevant because

case evaluation is a settlement tool and not evidence of a claim's merit or

- 1 -

value.  *See John J. Fannon Co. v. Fannon Prod., LLC*, 712 N.W.2d 731, 737 n.7 (Mich. Ct. App. 2015) (finding the award did not establish the merits of the claim "given the limited information and time case evaluators have for each case, and their lack of knowledge regarding the protracted procedural history of this matter.")

In its motion for reconsideration, plaintiffs argue that "[t]he Court did not have the benefit of all of the factual information demonstrating how critically relevant case evaluation is in this case when the Court made its decision . . . ."  (Doc. 228, p. 7)  Specifically, the missing information referred to by plaintiffs is the "extent to which case evaluation permeates the record in this case." *Id.*  Plaintiffs submit new affidavits from Thomas Schulte and David J. Cooper and the deposition testimony of Terrance Lynch to support the view that the case evaluation awards were part of the mix of information defendant had before it when conducting settlement negotiations.  Therefore, according to plaintiffs, the awards are highly relevant to the evaluative process undertaken by defendant in this case.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not

only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Michigan case law instructs that case evaluation awards are not properly considered in determining the merits or value of a claim because the case evaluation process is intended to be a settlement tool only. *See Fannon*, 712 N.W.2d at 737 n.7; *Berger v. Katz*, No. 291663, 2011 WL 3209217, at * 10 (Mich. Ct. App. July 28, 2011). Therefore, case evaluation awards are irrelevant to show the value of a case. *See Chambers v. Lehmann*, No. 262502, 2005 WL 2291889, at *7 (Mich. Ct. App. Sept. 20, 2005). Nor is case evaluation a settlement *negotiation* in the classic sense because no negotiation takes place between the parties. Finally, both case evaluations in this case were rejected by Mr. Holt, so they do not represent an opportunity for defendant to have settled the case. Therefore, the case evaluation awards are not relevant evidence to any issue in this case.

The court notes that, contrary to the stated reason for bringing the motion for reconsideration, plaintiffs do not present any information that was not already presented in some form, or that previously could have been presented, to the court. Second, plaintiffs have not demonstrated a palpable defect by which the court was misled. Now, therefore,

IT IS HEREBY ORDERED THAT plaintiffs' motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:  May 20, 2019

s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 20, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk